1  STROOCK & STROOCK & LAVAN LLP
   LISA M. SIMONETTI (State Bar No. 165996)
2  BRIAN C. FRONTINO (State Bar No. 222032)
   JEFFREY B. BELL (State Bar No. 269648)
3  2029 Century Park East
   Los Angeles, CA  90067-3086
4  Telephone:  310-556-5800
   Facsimile:  310-556-5959
5  Email: lacalendar@stroock.com

6
   Attorneys for Defendant
7    VW CREDIT, INC.

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10
                        LOS ANGELES DIVISION
11

12
   VARSHA SHARMA, and SHEETAL          )  Case No. CV11-08360 PSWL (EX)
13 SHARMA, individually, and on behalf of )
   all others similarly situated,        )  NOTICE OF REMOVAL OF
14                                        )  DEFENDANT VW CREDIT, INC.;
                                          )  DECLARATION OF THOMAS J.
15              Plaintiff,               )  SZOT IN SUPPORT THEREOF
                                          )
16       v.                              )  (Pursuant to Class Action Fairness
                                          )  Act, 28 U.S.C. § 1453)
17 VW CREDIT, INC., dba Audi Financial   )
   Services, and DOES 1 through 50,      )
18 inclusive,                            )
                                          )  Jury Demanded
19                                        )
              Defendants.                )
20                                        )
21

22

23

24

25

26

27

28

1  **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2  **DISTRICT OF CALIFORNIA AND TO PLAINTIFFS:**

3  **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1332, 1441,

4  1446, 1453 and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, §

5  1(a), 119 Stat. 4 (Feb. 18, 2005), defendant VW Credit, Inc. ("VCI") hereby removes

6  the action entitled <u>Varsha Sharma, et al. v. VW Credit, Inc., et al.</u>, Superior Court for

7  the State of California, County of Los Angeles, Case No. BC467538 (the "Action"),

8  to the United States District Court, Central District of California, on the following

9  grounds:

10      1.    <u>The Removal Is Timely</u>.  Plaintiffs Varsha Sharma and Sheetal Sharma

11  (together, "Plaintiffs") initiated the Action on August 12, 2011.  Plaintiffs personally

12  served VCI's registered agent for service of process pursuant to California Code of

13  Civil Procedure section 415.10 on September 7, 2011.  (True and correct copies of

14  the Summons and Complaint received by VCI are attached hereto as Exhibit A.)

15  This removal is filed within 30 days of service of the Summons and Complaint and,

16  thus, is timely.

17      2.    <u>This Court Has Removal Jurisdiction Over The Action</u>.  This Court has

18  original jurisdiction over the Action under 28 U.S.C. section 1332(d)(2), and the

19  Action is removable to this Court pursuant to 28 U.S.C. section 1453(b), for the

20  following reasons.

21          a.    <u>The Action is a "class action."</u>  A "class action," as defined by

22  CAFA, is "any civil action filed under Rule 23 of the Federal Rules of Civil

23  Procedure or similar state statute or rule of judicial procedure authorizing an action

24  to be brought by 1 or more representative persons as a class action."  28 U.S.C. §

25  1332(d)(1)(B); <u>see also</u> 28 U.S.C. § 1453(a).  Plaintiffs have filed the Action as a

26  purported class action pursuant to California Code of Civil Procedure section 382

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 1 -

NOTICE OF REMOVAL OF DEFENDANT VW CREDIT, INC.;
DECLARATION OF THOMAS J. SZOT IN SUPPORT THEREOF

LA 51466013

1  and California Civil Code section 1781.  (Complaint, ¶¶ 28-33.)  Plaintiffs define the

2  class as all persons:

3      (a) who purchased a motor vehicle in California primarily for personal or family purposes; and

4      (b) who either entered into a Form Agreement with VW CREDIT to

5  purchase a vehicle which VW CREDIT owned at the time, or entered into a Form Agreement with any other person or entity, which contract

6  was later assigned to VW CREDIT;

    (c) who were issued a written notice intended to comply with Civil Code

7  § 2983.2(a) within four years preceding this filing of the complaint through the present; and

8      (d) who were assessed a deficiency balance.

9  (Id. ¶29 (emphasis in original).)  Therefore, the Action is properly considered a

10  "class action" under CAFA.

11      b.    <u>Diversity of citizenship exists</u>.  Under CAFA, diversity is

12  satisfied when "any member of a class of plaintiffs is a citizen of a [s]tate different

13  from any defendant . . . ."  28 U.S.C. § 1332(d)(2)(A).  VCI is a Delaware

14  corporation with its principal place of businesses in Herndon, Virginia and, therefore,

15  a citizen of Delaware and Virginia.  Plaintiffs are, and at all relevant times were,

16  residents of California and therefore are citizens of California.  (Complaint ¶¶ 2-3.)

17      c.    <u>The amount in controversy is satisfied</u>.  CAFA confers

18  jurisdiction over class actions "in which the matter in controversy exceeds the sum or

19  value of $5,000,000 . . . ."  28 U.S.C. § 1332(d)(2).  Furthermore, "[i]n any class

20  action, the claims of individual class members shall be aggregated to determine

21  whether the matter in controversy exceeds the sum or value of $5,000,000."  28

22  U.S.C. § 1332(d)(6).  VCI denies any liability on the Complaint and further denies

23  that the Action may be certified as a class action, but the amount in controversy

24  based on Plaintiff's asserted claims exceeds the amount of $5,000,000 in the

25  aggregate, as follows:

26      i.    Plaintiffs, individually and on behalf of the alleged class,

27  purport to challenge VCI's Notice of Intent to Dispose of Motor Vehicle (the "NOI")

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1   under the Rees-Levering Automobile Sales Finance Act, California Civil Code

2   sections 2981-2984.6 (the "Rees-Levering Act"), and the Unfair Competition Law,

3   California Business & Professions Code section 17200, et seq. (the "UCL").

4   Specifically, Plaintiffs allege that VCI "fails to provide borrowers under conditional

5   sales contract with statutorily-mandated notice of their legal rights and obligations

6   after repossession." (Complaint ¶ 1.)  Plaintiffs further allege that, because the NOI

7   is deficient, VCI's attempts to collect the remaining deficiency balance on Plaintiffs'

8   vehicle violated both the express terms of the underlying retail sales installment

9   contract between VCI and Plaintiffs' predecessor in interest, as well as California's

10  Rosenthal Fair Debt Collection Practices Act, California Civil Code sections 1788-

11  1788.33. (Id. ¶¶43-50, 51-65.)

12              ii.     The form of NOI challenged by Plaintiffs in the Action,

13  attached as Exhibit 1 to the Complaint, was implemented by VCI on April 14, 2010.

14  (Declaration of Thomas J. Szot (the "Szot Decl."), ¶ 5.)  The form of NOI used by

15  VCI prior to April 13, 2010 was the subject of a California class action lawsuit

16  entitled Ozzy Okudan v. Volkswagen Credit, Inc., et al., U.S.D.C. Southern District

17  of California Case No. 09-cv-2293 (the "Okudan Action"), asserting the same

18  claims. (Request for Judicial Notice ("RJN"), Ex. A.)  On April 14, 2011, the parties

19  in the Okudan Action entered into a Settlement Agreement in which plaintiff, on

20  behalf of the putative class, agreed to release certain claims against VCI arising from

21  its allegedly deficient NOI, including those alleged in the Okudan Action. (Id., Ex.

22  B.)  The Settlement Agreement defines the settlement class as follows:

23          all California consumer residents to whom VCI sent NOIs, as defined
            below, during the period beginning August 24, 2005 through and
24          including April 13, 2010, whose vehicle were repossessed by or
            voluntarily surrendered to VCI or its agents in California, and against
25          whom VCI has asserted a Deficiency Balance.

26  (Id., Ex. B.)  On August 1, 2011, the Southern District of California preliminarily

27  approved the proposed settlement and certified the above settlement class. (Id., Ex.

28  C, ¶ 2.)  Importantly, the Preliminary Approval Order restricts members of the

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

NOTICE OF REMOVAL OF DEFENDANT VW CREDIT, INC.;
DECLARATION OF THOMAS J. SZOT IN SUPPORT THEREOF

LA 51466013

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  settlement class from commencing an action against VCI arising from the claims

2  released in the Settlement Agreement.  (Id., Ex. C, ¶ 13.)  Accordingly, the

3  Complaint here challenges only the form of NOI utilized by VCI since April 14,

4  2010.

5                iii.     While Plaintiffs do not allege a specific amount of damages

6  suffered by the putative class, it is readily apparent from the Complaint that the

7  amount in controversy is satisfied.  Plaintiffs, individually and on behalf of the

8  putative class, seek to recover the amount of deficiency balances already collected by

9  VCI, and to nullify outstanding uncollected deficiency balances for customers who

10  received the form of NOI sent by VCI since April 14, 2010.  (Id. ¶¶ 18-20; 24-25, 41,

11  49, 63, 74, 80, Prayer for Relief ¶¶ 2, 4-6, 8.)  Because the invalidation of

12  outstanding deficiency balances is included in the "object of the litigation," it may

13  properly be considered in determining the amount in controversy.  See Hunt v.

14  Washington State Apple Advertising Comm'n, 432 U.S. 333, 347, 97 S. Ct. 2434, 53

15  L. Ed. 2d 383 (1977) ("In actions seeking declaratory or injunctive relief, it is well

16  established that the amount in controversy is measured by the value of the object of

17  the litigation.") (citations omitted).  Based on its records, VCI believes that the

18  amount of deficiency balances already collected by VCI during the time period

19  relevant to the Action exceeds $266,735.23.  The amount of outstanding uncollected

20  deficiency balances on accounts for which VCI has sent the form of NOI Plaintiffs

21  challenge and has established a resulting deficiency balance exceeds $11,276,140.20.

22  (See Szot Decl., ¶ 5.)  Plaintiffs also seek statutory damages of up to $500,000.

23  (Complaint ¶¶ 63, Prayer for Relief ¶ 7.)  Accordingly, the amount in controversy far

24  exceeds the minimum jurisdictional threshold of $5,000,000.

25      3.    Notice has been effected.  A copy of this Notice of Removal is being

26  filed with the Los Angeles County Superior Court of the State of California and

27  concurrently served on all counsel of record.

28

NOTICE OF REMOVAL OF DEFENDANT VW CREDIT, INC.;
DECLARATION OF THOMAS J. SZOT IN SUPPORT THEREOF

LA 51466013

1

2   Dated:  October 7, 2011

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI
BRIAN C. FRONTINO
JEFFREY B. BELL

By: _____
                    Jeffrey B. Bell

Attorneys for Defendant
   VW CREDIT, INC.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 5 -

LA 51466013

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1

## DECLARATION OF THOMAS J. SZOT

2     I, Thomas J. Szot, declare as follows:

3     1.     I am the Collections Strategy Manager of defendant VW Credit, Inc.

4 ("VCI"). I have held this position for approximately two and a half years, and I have

5 worked for VCI for approximately 7 years. Prior to my current position, I was a Risk

6 Portfolio Analyst. Throughout my employment with VCI, I have worked in either

7 the collections or risk management divisions of VCI. I submit this Declaration in

8 support of VCI's Notice of Removal. Except where based on my review of records

9 and documents regularly maintained by VCI in the ordinary course of business, all of

10 the matters set forth below are within my personal knowledge and, if called as a

11 witness, I could competently testify thereto.

12     2.     VCI is a Delaware corporation with its principal place of business in

13 Herndon, Virginia. VCI is in the business of, among other things, purchasing retail

14 installment sales contracts entered into by automobile purchasers and dealerships in

15 California. As part of the servicing of the retail installment sales contracts that VCI

16 purchases, VCI processes payments on contracts, prepares and sends monthly

17 account statements, reports account information to credit reporting agencies and,

18 when customers fail to make payments, repossess and dispose of the collateral, i.e.,

19 automobiles, securing the retail installment sales contracts.

20     3.     In connection with my duties for VCI, I have become, and am,

21 personally familiar with the standard business practices of VCI with respect to the

22 matters addressed herein, and I have access to and am generally familiar with the

23 account records maintained by VCI. I have also become, and am, familiar with the

24 records maintained by VCI concerning repossessions, including the amounts owed as

25 a deficiency balance after an automobile is repossessed and re-sold to repay the

26 outstanding debt to VCI on its retail installment sales contracts. The information

27 contained herein was obtained from the same computer systems that VCI uses to

28

LA 51466013

1    track customer payments, repossessions, sales of collateral and resulting deficiencies,

2    which I use and with which I am familiar.

3        4.    I understand that the plaintiffs in this case seeks to invalidate or recover

4    the deficiencies owed or paid by the all persons:

5        (a) who purchased a motor vehicle in California primarily for personal
         or family purposes; and

6        (b) who either entered into a Form Agreement with VW CREDIT to

7        purchase a vehicle which VW CREDIT owned at the time, or entered
         into a Form Agreement with any other person or entity, which contract

8        was later assigned to VW CREDIT;

         (c) who were issued a written notice intended to comply with Civil Code
9        § 2983.2(a) within four years preceding this filing of the complaint
         through the present; and

10       (d) who were assessed a deficiency balance.

11       5.    The current form of Notice of Intent to Dispose of Motor Vehicle

12   ("NOI") used by VCI, in the form attached to the Complaint in this action, was

13   implemented on April 14, 2010.  According to VCI's records, as of September 9,

14   2011, there were 2,100 retail installment sales contracts in VCI's records for which

15   VCI sent its California NOI to the buyer between April 14, 2010 and August 12,

16   2011.  VCI has recovered approximately $266,735.23 in payments on these accounts

17   as of September 9, 2011.  The outstanding deficiency balances owed to VCI on 1,365

18   of these contracts is approximately $11,276,140.20 as of September 9, 2011.  VCI

19   cannot identify at this time which of the remaining 735 accounts, if any, have or will

20   have a deficiency balance assessed against it.

21       I declare under penalty of perjury of the laws of the State of California that the

22   foregoing is true and correct.  Executed this 7th day of October 2011.

23

24                                          _____
                                            Thomas J. Szot
25

26

27

28

- 7 -

LA 51466013

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**EXHIBIT A**

9/7 @ 2:28P

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VW CREDIT, INC. dba Audi Financial Services, and DOES 1 through
50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VARSHA SHARMA, and SHEETAL SHARMA, individually, and on
behalf of all others similarly situated

| FOR COURT USE ONLY |
|---|
| (SOLO PARA USO DE LA CORTE) |

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 12 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Mary Flores

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es:) | (Número del Caso) |
| Los Angeles Superior Court, 111 N. Hill St., Los Angeles, CA 90012 | BC 467538 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander Trueblood, Trueblood Law Firm, 10940 Wilshire Blvd., Suite 1600, Los Angeles, CA 90024
310-443-4139

DATE: AUG 12 2011          JOHN A. CLARKE, CLERK          Mary Flores          , Deputy
*(Fecha)*          _____ *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant. |
|---|---|
| | 2. ☐ as the person sued under the fictitious name of (specify): |
| | 3. ☒ on behalf of (specify): VW CREDIT, INC dba Audi Financial Services |
| | under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person) |
| | ☐ other (specify): |
| | 4. ☐ by personal delivery on (date): |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.JusSearch.com

Exh. A Page 8

COPY

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 1 2 2011

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy

1 | TRUEBLOOD LAW FIRM
Alexander B. Trueblood (Bar No. 150897)
2 | 10940 Wilshire Blvd., Suite 1600
Los Angeles, CA 90024
3 | Telephone: (310) 443-4139
Facsimile: (310) 943-2255
4
LAW OFFICES OF BRANDON A. BLOCK, APC
5 | Brandon A. Block (State Bar No. 215888)
433 North Camden Drive, Suite 600
6 | Beverly Hills, California 90210
Telephone: (310) 887-1440
7 | Facsimile: (310) 496-1420

8 | Attorneys for Plaintiffs
VARSHA AND SHEETAL SHARMA
9

10 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 | COUNTY OF LOS ANGELES

12 | VARSHA SHARMA, and SHEETAL ) Case No:
SHARMA, individually, and on behalf of all )
13 | others similarly situated, ) **CLASS ACTION**  BC 4 6 7 5 3 8
)
14 | Plaintiff, ) **COMPLAINT FOR INJUNCTIVE AND**
) **DECLARATORY RELIEF,**
15 | ) **RESTITUTION, AN ACCOUNTING**
vs. ) **AND DAMAGES FOR VIOLATIONS**
16 | ) **OF THE REES-LEVERING**
) **AUTOMOBILE SALES FINANCING**
17 | VW CREDIT, INC. dba Audi Financial ) **ACT, CIVIL CODE § 2981, ET SEQ.,**
Services, and DOES 1 through 50, inclusive, ) **THE UNFAIR COMPETITION LAW,**
18 | ) **BUSINESS AND PROFESSIONS CODE**
) **§ 17200, ET SEQ., AND THE**
19 | Defendants. ) **ROSENTHAL FAIR DEBT**
) **COLLECTION PRACTICES ACT,**
20 | ) **CIVIL CODE § 1788 ET SEQ.**
)
21 | )
)
22 | )
)
23
24
25
26
27
28

COMPLAINT

1  Plaintiffs Varsha and Sheetal Sharma, individually, and on behalf of all others

2  similarly situated, hereby complain against defendants VW Credit, Inc. dba Audi Financial,

3  and DOES 1 through 50, inclusive, and on information and belief, allege as follows:

4  **PRELIMINARY STATEMENT**

5      1.    Plaintiffs bring this action under the Rees-Levering Automobile Sales Finance

6  Act, Civil Code § 2981, et seq. (hereinafter "Rees-Levering Act"), and other applicable laws,

7  to challenge the unlawful, unfair and deceptive practices of defendant VW Credit, Inc. dba

8  Audi Financial ("VW CREDIT"), following repossession of motor vehicles from California

9  consumers.  In particular, VW Credit fails to provide borrowers under conditional sales

10  contracts with statutorily-mandated notice of their legal rights and obligations after

11  repossession of vehicles; negligently and/or fraudulently misrepresents the rights and

12  obligations of the parties following repossession; collects, or seeks to collect, deficiencies

13  from borrowers following repossession for which borrowers are not liable as a matter of law;

14  sells or assigns debt which does not exist as a matter of law to other entities to collect upon,

15  and unlawfully and falsely reports borrowers' deficiency balances to credit reporting

16  agencies as past due debts when collection of said amounts is in fact unlawful.  Plaintiffs

17  seek appropriate relief for the proposed class, as wells as attorneys' fees, costs and expenses.

18  **PARTIES**

19      2.    Plaintiff Varsha Sharma is an individual over the age of 18 years of age.   She

20  is a citizen of the state of California.

21      3.    Plaintiff Sheetal Sharma is an individual over the age of 18 years of age. She is

22  a citizen of the state of California.

23      4.    Defendant VW Credit, Inc. is a Delaware corporation with its principal place

24  of business in the state of Illinois.  VW Credit, Inc. does business under the fictitious

25  business name of Audi Financial, and is engaged in the business of selling automobiles,

26  providing financing to purchasers of automobiles, and in debt collection on such accounts.

27      5.    Defendants DOES 1 through 50 are persons or entities whose true names and

28  capacities are presently unknown to plaintiffs, and who therefore are sued by such fictitious

1   names.  Plaintiffs are informed and believes and thereon allege that each of the fictitiously

2   named defendants perpetrated some or all of the wrongful acts alleged hereinbelow, is

3   responsible in some manner for the matters alleged herein, and is jointly and severally liable

4   to plaintiff and the class.  Plaintiffs will seek leave of court to amend this complaint to state

5   the true names and capacities of such fictitiously named defendants when ascertained.

6        6.    At all times mentioned herein, each of the defendants were the agents and

7   employees of each other and were acting in the course and scope of their agency,

8   employment and authority and with the permission and consent of their co-defendants in

9   committing the acts alleged.  The defendants are jointly and severally liable to plaintiff and

10   to the class they seek to represent.

11                         **VENUE**

12        7.    Venue is proper in Los Angeles County because one or more plaintiffs live in

13   Los Angeles County.  Furthermore, VW Credit has not designated an executive office in

14   California with the Secretary of State, and may therefore be sued in any county.

15              **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

16        8.    Gaja Sharma, the father of both plaintiffs, leased a 2005 Audi A4, VIN

17   WAUAC48H55K001369 (hereinafter "the Vehicle"), primarily for personal and family

18   purposes, from a California licensed motor vehicle dealership located in Los Angeles

19   County.  Gaja Sharma purchased the vehicle for his daughter, plaintiff Varsha Sharma.

20        9.    The dealership subsequently assigned the lease contract to defendant VW

21   Credit.  When the lease term ended, Gaja Sharma arranged with VW Credit to purchase the

22   vehicle.  VW Credit sold the vehicle to Mr. Sharma under a conditional sale contract as

23   defined and regulated by the Rees-Levering Automobile Sales Finance Act (a "Form

24   Agreement"), under which VW Credit was the seller and Mr. Sharma the buyer.

25        10.   Gaja Sharma passed away in June 21, 2010.  The assets of his estate, including

26   title to the Vehicle and Mr. Sharma's rights and duties under the conditional sale contract,

27   were transferred in equal shares to plaintiff Varsha Sharma, plaintiff Sheetal Sharma, and

28   Mr. Sharma's wife, Snehlata Sharma. The Form Agreement provides that "The duties and

1   benefits of this Loan Agreement shall bind and benefit the successors and assigns of me and

2   you."

3       11.     Snehlata Sharma sent VW Credit the death certificate.  By letter dated

4   September 8, 2010, VW Credit acknowledged receiving the death certificate, and informed

5   Snehlata Sharma that Mr. Sharma's estate would have "90 days", i.e. until December 8,

6   2010, to choose to either surrender the Vehicle, pay off the conditional sale contract balance,

7   or transfer the loan payment obligations to another person.

8       12.     Snehlata Sharma sent VW Credit a November 1, 2010 letter stating that she

9   elected VW Credit's third option, transfer of the vehicle and loan obligations to Mr. Gaja's

10  heirs.

11      13.     After her father died, plaintiff Varsha Sharma continued making monthly

12  payments on the conditional sales contract to VW Credit, which VW Credit accepted.

13      14.     On November 8, 2010, VW Credit repossessed the Vehicle.

14      15.     On or about November 12, 2010, defendant VW Credit issued a written

15  "Notice of Intent To Sell Motor Vehicle" to plaintiffs, addressed to "The Estate of Gaja

16  Sharma," stating that the Vehicle had been repossessed, and that VW Credit intended to

17  dispose of the Vehicle ("Statutory Notice").  The Statutory Notice is attached hereto as

18  Exhibit 1 and incorporated herein by reference.

19      16.     Plaintiffs' right to a particularized notice after repossession is established by

20  the provisions of the Rees-Levering Act.  The Rees-Levering Act regulates the repossession

21  and disposition of motor vehicles financed under conditional sale contracts in California,

22  and, among other provisions, imposes strict requirements upon sellers under conditional sale

23  contracts, such as VW Credit, following a repossession.

24      17.     In order to protect consumers' valuable property interests in financed vehicles,

25  and afford buyers a full opportunity to make an informed decision as to whether to exercise

26  their statutory right to redemption or reinstatement, the Rees-Levering Act requires the seller

27  or holder of the contract to issue a detailed Statutory Notice to the buyer following

28  repossession.  Civil Code § 2983.2(a) specifies the precise information and disclosures that

3

COMPLAINT

must be included in the Statutory Notice in order to comply with the law. Among other disclosures, the notice must contain the following language:

(1) An itemization of the contract balance and of any delinquency, collection or repossession costs and fees;

(2) Disclosure of the conditional right to reinstate the contract until the expiration of 15 days from the date of giving or mailing the notice and all the conditions precedent thereto;

(4) Discloses the place at which the motor vehicle will be returned to those persons upon redemption or reinstatement;

(5) Designates the name and address of the person or office to whom payment shall be made;

Civil Code §§ 2983.2(a)(1), (a)(2), (a)(4), (a)(5).

18.    Absent strict compliance with the mandatory requirements for the Statutory Notice, a seller or holder may not lawfully collect a deficiency from any person liable under a Form Agreement following disposition of the repossessed vehicle. The Rees-Levering Act specifically provides that those persons "shall be liable for any deficiency only if the notice prescribed" contains "all" of the disclosures mandated by the statute. Civil Code § 2982.2(a) (emphasis added).

19.    The Rees-Levering Act further specifies that no seller or holder may obtain a deficiency judgment, and "no deficiency judgment shall lie in any event," against a person otherwise liable under a Form Agreement after the repossession and disposition of a vehicle unless a court has determined, upon the affidavit of the seller or holder, or a hearing if the court so requires, that the sale or other disposition was in conformity with the provisions of the Rees-Levering Act. Civil Code § 2983.8.

20.    The Statutory Notice that VW CREDIT issued to plaintiffs, and has been issuing to other borrowers for at least four years preceding the filing of this complaint, was materially defective in that it:

4

COMPLAINT

1    (a) in violation of Civil Code § 2983.2(a)(1), understated the true contract balance

2    by omitting the interest and late fees accruing on payments coming due during the

3    redemption period;

4    (b) in violation of Civil Code § 2983.2(a)(2), failed to disclose the total amount

5    necessary to reinstate, by omitting amounts that became due after the date of the Statutory

6    Notice. The Statutory Notice states that the "Total Amount Now Due does not include

7    amounts that become due after the date of this notice" It further states that any amounts not

8    disclosed on the Statutory Notice will be billed separately after reinstatement or added to

9    the contract balance.

10    (c) in violation of Civil Code § 2983.2(a)(1), (a)(2), and (a)(5), falsely informed the

11    borrower that paying a $15 government repossession fee was not a condition of

12    reinstatement, when in fact proof of payment had to be provided to the party holding the

13    vehicle before that party could release it. The Statutory Notice also omitted the address of

14    the governmental agency to whom the fee had to be paid. The Statutory Notice also

15    improperly advised the borrower to call VW Credit for more information.

16    (d) in violation of Civil Code § 2983.2(a)(2), failed to disclose the monthly

17    installment payments coming due during the reinstatement period, including their amounts,

18    the dates they would be due, the amount of interest or late charges thereon, and when the

19    late charges would accrue. Making such payments was a condition of reinstatement,

20    because the Statutory Notice states that they will not be waived, but will be added to the

21    contract balance or separately billed.

22    (e) in violation of Civil Code § 2983.2(a)(4), failed to disclose the place at which

23    the motor vehicle would be returned upon redemption or reinstatement. Plaintiffs' vehicle,

24    and the vehicles of other class members, were transferred from the auto repossessor to the

25    auto auction during the pendency of the reinstatement/redemption period, but VW Credit's

26    Statutory Notice did not disclose the name and address of the auction, where the vehicle

27    would be returned if the borrower reinstated or redeemed after the transfer.

28

5
COMPLAINT

1   (f) in violation of Civil Code § 2983.2(a)(1), (a)(2), and (a)(5), failed to disclose

2   multiple fees and charges payable by the borrower to the auto auction upon redeeming or

3   reinstating, if the borrower reinstated or redeemed after the auction had taken possession of

4   the vehicle.  Those fees and charges included, but are not limited to, storage fees,

5   transportation fees, reconditioning fees, an administrative sale fee, DMV printout fee,

6   mechanical work charges, and a general administration fee.  The Statutory Notice also

7   failed to disclose the payment address for the auto auction(s).

8   (g) in violation of Civil Code § 2983.3(d)(3), required the borrower to show proof

9   of insurance as a condition of reinstatement, even though plaintiffs and other similarly

10   situated borrowers had not defaulted on any obligation to maintain insurance.

11   (h) in violation of Civil Code § 2983.3(d)(2), required the borrower to satisfy and

12   remove unpaid liens on the vehicle, even though plaintiffs and other similarly situated

13   borrowers had no such unpaid liens.

14   (i) in violation of Civil Code § 2983.2(a)(2), required the borrower to satisfy and

15   remove unpaid liens on the vehicle, without specifying the third parties that had to be paid,

16   the amount to be paid, and the payment address.

17   (j) in violation of Civil Code § 2983.3(d)(1) and (d)(5), required the borrower to pay

18   a $15 "redemption fee" which was a profit item, and not a delinquency charge or a

19   reasonable and necessary collection or repossession cost.

20   21.   The defective and improper Statutory Notices VW CREDIT issued to

21   plaintiffs purportedly pursuant to Civil Code § 2983.2, which deprived them of statutorily-

22   mandated notice, are standard notices sent by VW CREDIT as a practice and procedure

23   common to all persons who are liable under conditional sale contracts and whose vehicles are

24   repossessed.

25   22.   Plaintiff Varsha Sharma spoke with VW Credit numerous times after the

26   repossession.  Although the Statutory Notice disclosed her right to reinstate the contract

27   ostensibly for $1599.33, VW Credit's representatives repeatedly refused to allow Ms.

28   Sharma to exercise that right, and told her that only her deceased father could reinstate.

1    When Ms. Sharma reminded VW Credit's employees that her father was deceased, and that

2    she was his legal heir, VW Credit's employees still refused to allow reinstatement, insisting

3    that she had no right to do so.

4        23.    VW CREDIT sold plaintiffs' vehicle, and assessed a deficiency balance

5    against plaintiffs in the amount of $5,661.75.  VW CREDIT then sent plaintiffs a letter

6    demanding payment of the deficiency balance, which falsely stated "you are responsible for

7    any deficiency balance calculated above."  VW Credit's itemization of the deficiency

8    balance included transportation, reconditioning and auction fees, which were not disclosed

9    on the Statutory Notice.

10       24.    VW CREDIT regularly collects deficiencies from, and obtains deficiency

11   judgments against, proposed class members in various courts of law in violation of the Rees-

12   Levering Act, which prohibits these defendants from collecting any deficiency or obtaining

13   any deficiency judgment by virtue of VW CREDIT's Statutory Notices.  Plaintiff is informed

14   and believes and thereon alleges that VW CREDIT has obtained such judgments as a regular

15   and uniform business practice, by submitting false and/or misleading affidavits in court,

16   which represent that VW CREDIT has fully complied with the Rees-Levering Act, when in

17   fact it has not.

18       25.    VW CREDIT, and its agents, following repossession and sale of vehicles,

19   issue payment demands to borrowers negligently and/or fraudulently, misrepresenting to

20   them that they are liable for deficiency balances remaining after disposition of the vehicles,

21   when, in fact, defendants know or should know that as a result of VW CREDIT's failure to

22   comply with its provisions of the Rees-Levering Act, said borrowers are not liable for, and

23   could not be liable for, said deficiencies or any part of them.

24       26.    Plaintiffs are informed and believes and thereon allege that VW CREDIT

25   regularly reports or communicates to consumer credit reporting organizations that purported

26   deficiencies following disposition of vehicles pursuant to the unlawful practices described

27   herein are valid debts when, in fact, plaintiffs and other similarly situated persons are not

28   liable for said deficiencies as a matter of law.

27.   Plaintiffs have suffered injury in fact and have lost money or property as a result of the unlawful, unfair and fraudulent acts and practices of defendants challenged herein. Plaintiffs paid $25 each to VW Credit on the alleged deficiency balance, because defendants demanded payment and falsely told them they were legally responsible for the balance. Plaintiffs further lost all equity in the vehicle, and the vehicle itself, when VW Credit converted the vehicle by accelerating the loan balance, failing to provide a compliant Statutory Notice that disclosed all conditions of redemption and reinstatement, and also by improperly denying reinstatement. Plaintiff Varsha Sharma further lost money by having to pay for a rental car, and for postage, as a result of defendants' conduct.

## CLASS ACTION ALLEGATIONS

28.   Pursuant to California Code of Civil Procedure § 382 and Civil Code § 1781, plaintiffs bring this action on behalf of themselves and all other persons similarly situated. Plaintiffs bring this action in a representative capacity to remedy the ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek redress on behalf of all those persons who have been affected thereby.

29.   The proposed class is comprised of all persons:

(a) who purchased a motor vehicle in California primarily for personal or family purposes; and

(b) who either entered into a Form Agreement with VW CREDIT to purchase a vehicle which VW CREDIT owned at the time, or entered into a Form Agreement with any other person or entity, which contract was later assigned to VW CREDIT;

(c) who were issued a written notice intended to comply with Civil Code § 2983.2(a) within four years preceding the filing of the complaint through the present; and

(d) who were assessed a deficiency balance.

30.   Plaintiffs are unable to state the precise number of potential members of the proposed class because that information is in the possession of defendants. It consists of at

1   least hundreds of members and is so numerous that joinder of all members would be

2   impracticable. The exact size of the proposed class, and the identity of the members thereof,

3   will be readily ascertainable from the business records of defendants.

4        31.    There is a community of interest among the members of the proposed class in

5   that there are questions of law and fact common to the proposed class that predominate over

6   questions affecting only individual members. These questions include, inter alia, whether

7   defendants failed to provide to individuals whose motor vehicles were repossessed a

8   Statutory Notice containing all of the disclosures required by the Rees-Levering Act; whether

9   defendants collected, or have attempted to collect, deficiency balances from members of the

10   proposed class that they had no legal right to obtain or attempt to collect; whether defendants

11   negligently and/or fraudulently misrepresented to borrowers that they were liable for

12   deficiency balances when there was no obligation to pay such amounts, and falsely reported

13   deficiencies as valid debts to credit reporting organizations; and whether defendants have,

14   through false or misleading representations to the courts of this State obtained judgments in

15   violation of Civil Code § 2983.8. Proof of a common set of facts will establish the liability

16   of defendants, and the right of each member of the class to recover.

17        32.    Plaintiffs' claims are typical of those of the class they represent, and they will

18   fairly and adequately represent the interests of the class. Plaintiffs are represented by

19   counsel competent and experienced in both consumer protection and class action litigation.

20        33.    A class action is superior to other methods for the fair and efficient

21   adjudication of this controversy. Because the damages suffered by the individual class

22   members may be relatively small compared to the expense and burden of litigation, it would

23   be impracticable and economically unfeasible for class members to seek redress individually.

24   The prosecution of separate actions by the individual class members, even if possible, would

25   create a risk of inconsistent or varying adjudications with respect to individual class

26   members against defendants, and would establish incompatible standards of conduct for

27   defendants.

28

Exh. A Page 18

## FIRST CAUSE OF ACTION
### (Class Action For Violations of the Rees-Levering Automobiles Sales Finance Act, Civil Code § 2981, et seq. Against All Defendants)

34.     Plaintiffs reallege and incorporate herein by reference the allegations in each and every paragraph above.

35.     As is hereinabove alleged, the Rees-Levering Act regulates automobile sale and financing transactions for motor vehicles purchased primarily for personal or family purposes.  The conditional sale contracts of plaintiff and other members of the proposed class which are held by VW CREDIT, are subject to and governed by the provisions of the Rees-Levering Act.  Defendant VW CREDIT is a "seller" or "holder" of said contracts as those terms are used in the statute.

36.     As is hereinabove alleged, defendant VW CREDIT has engaged and is engaged in ongoing material violations of the Rees-Levering Act in that the Statutory Notice(s) provided to plaintiffs and class members, ostensibly pursuant to Civil Code § 2983.2(a), and that they provided to all other similarly situated consumers following the repossession of their motor vehicles, did not contain the statutorily-mandated disclosures and information required by Civil Code §§ 2983.2(a)(1), (a)(2), (a)(4), and (a)(5).

37.     Defendants violated Civil Code § 2983.3(d)(1), (d)(2) and (d)(5) by imposing conditions upon reinstatement which were not authorized by those sections.

38.     Because defendants have failed to provide members of the proposed class with all of the information and disclosures to which they are entitled under Civil Code § 2983.2(a), and due to their violations of the statutory reinstatement process, said consumers are not liable, under the explicit terms of §§ 2983.2(a) of the Rees-Levering Act, for any deficiency following the disposition of their repossessed motor vehicles.  Nevertheless, without any legal right to do so, defendants have collected, and attempt to collect, deficiency balances from members of the proposed class.

39.     In violation of Civil Code § 2983.3(b),  defendants improperly denied plaintiffs their right to reinstate the contract, without a reasonable and good faith belief that

10
COMPLAINT

1    one of the statutory reasons listed at Civil Code § 2983.3(d) applied.  Accordingly, plaintiffs

2    are not liable for any deficiency balance pursuant to Civil Code § 2983.3(e).

3        40.    Defendants improperly accelerated the loan balance and repossessed the

4    vehicle upon the death of Gaja Sharma, in violation of Civil Code § 2983.3(a).

5        41.    As a direct and proximate result of the acts hereinabove alleged and

6    defendants' ongoing unlawful conduct, plaintiff and the members of the proposed class have

7    been or will be damaged, and have suffered economic losses in an amount to be proven at

8    trial, in that defendants, without any legal right to do so, has collected, and are attempting to

9    collect, substantial deficiency balances from said consumers.

10       42.    Plaintiff seeks recovery of her attorneys' fees, costs and expenses incurred in

11   the filing and prosecution of this action.

12       WHEREFORE, plaintiff prays for relief as set forth below.

13                        **SECOND CAUSE OF ACTION**
                              **(Breach of Contract)**
14   **(By Plaintiff individually and on Behalf of the Class against All Defendants)**

15       43.    Plaintiff realleges and incorporates by reference herein the allegations of the

16   preceding paragraphs above.

17       44.    The purchase contracts signed by Plaintiff and members of the proposed class

18       45.    with VW Credit or defendants' assignors  are pre-printed form contracts that,

19   except for the financial terms of each individual deal, contain substantially identical terms

20   and provisions.

21       46.    The purchase contract signed by plaintiffs' predecessor in interest promises on

22   behalf of defendants that "The duties and benefits of this Loan Agreement shall bind and

23   benefit the successors and assigns of me and you." Defendants breached this promise by

24   terminating the contract upon the death of the buyer, and demanding that plaintiffs and other

25   similarly situated class members either surrender the Vehicle, pay off the conditional sale

26   contract balance, or transfer the loan payment obligations to another person.

27       47.    The purchase contract signed by plaintiffs' predecessor in interest promises on

28

1  behalf of defendants that upon default, defendants will give the "legally required" notices

2  and "opportunity to cure the default." Defendants breached these promises when they failed

3  to provide plaintiff and members of the proposed class with legal notices that contained the

4  statutorily- mandated disclosures and information required by Civil Code §2983.2(a), and

5  when they imposed improper conditions upon reinstatement in violation of Civil Code §

6  2983.3(d).

7      48.    The purchase contract signed by plaintiffs' predecessor in interest promises on

8  behalf of defendants that upon default, defendants will only charge reasonable expenses of

9  collection and enforcement of the contract. Defendants violated this provision by collecting

10  and/or attempting to collect the "redemption fee" from plaintiffs and the class.

11      49.    As a direct and proximate result of the acts hereinabove alleged and

12  defendants' ongoing unlawful conduct, Plaintiffs and the class have been damaged, and have

13  suffered economic losses in an amount to be proven at trial.

14      50.    Plaintiffs seek recovery of their attorneys' fees, costs and expenses incurred in

15  the prosecution of this action, pursuant to Code of Civil Procedure § 1717.

16                          **THIRD CAUSE OF ACTION**

17  **(Class and Individual Action For Violations of the Rosenthal Fair Debt Collection
       Practices Act Against All Defendants)**

18
19      51.    Plaintiffs reallege and incorporate herein by reference the allegations of each

20  and every paragraph above.

21      52.    The Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq

22      53.    (the "Rosenthal Act") was enacted in 1976 to ensure the integrity of our

       banking and credit industry. Civil Code § 1788.1(b). The Legislature found that "unfair or
23
       deceptive debt collection practices undermine the public confidence which is essential to the
24
       continued functioning of the banking and credit system and sound extensions of credit to
25
       consumers." Civil Code § 1788.1(a)(2).
26
27      54.    Defendants at all times relevant herein were "debt collectors" within the

28  meaning of Civil Code § 1788.2(c). Defendants, regularly and in the ordinary course of

12
COMPLAINT

1   business, on behalf of themselves or others, engage in acts and practices in connection with

2   the collection of consumer debt.

3      55.    The purported debts which defendants attempted to collect from plaintiffs and

4   the class were "consumer debt" within the meaning of Civil Code § 1788.2(f). Plaintiffs and

5   the class are each a "debtor" within the meaning of Civil Code § 1788.2(h) in that they are

6   natural persons from whom defendants sought to collect a consumer debt alleged to be due

7   and owing.

8      56.    Defendants attempted to collect non-existent deficiency balances from

9   plaintiffs and other class members by among other things, conducting collections efforts in-

10   house, by assigning such accounts for collection to outside agencies such as the Doe

11   defendants, and by selling said accounts to others (including the Doe defendants) for

12   collection.

13      57.    Defendants collected or attempted to collect a "redemption fee" from plaintiffs

14   and class members in violation of Civil Code § 1788.14(b).  This fee was not permitted by

15   law.

16      58.    Defendants assessed deficiency balances against plaintiffs and the class

17   without giving them credit for the unearned portion of service contracts which were still

18   active at the time of repossession.

19      59.    Defendants violated the provisions of Civil Code § 1788.17 by:

20      60.         (a) engaging in conduct the natural consequence of which was to

21   harass, oppress, or abuse plaintiff and the class in connection with collection of an alleged

22   debt, in violation of 15 U.S.C. §1692d;

23      61.         (b) using false, deceptive, or misleading misrepresentations or means in

24   connection with the collection of a debt, in violation of 15 U.S.C. §1692e, including that

25   plaintiff and the class owed debts which were in fact not due or owing; and

26      62.         (c) using unfair or unconscionable means to collect or attempt to

27   collect a debt, in violation of 15 U.S.C. 1692f.

28      63.    Defendants' violations of the Rosenthal Act were willful and knowing, thereby

13

COMPLAINT

1   entitling plaintiff and the class to statutory damages pursuant to Civil Code § 1788.17, which

2   incorporates by reference the remedies of 15 U.S.C. § 1692k. Plaintiff and the class are

3   entitled to statutory damages of $500,000 or 1% of each defendant's net worth, whichever is

4   less.

5       64.    Plaintiff and the class are entitled to actual damages pursuant to Civil Code §

6   1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil

7   Code § 1788.30(a). However, plaintiff and the class do not seek emotional distress under

8   this cause of action.

9       65.    Plaintiff and the class are entitled to attorneys fees and costs pursuant to Civil

10  Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative,

11  Civil Code § 1788.30(c).

12                      **FOURTH CAUSE OF ACTION**
13  **(Class and Individual Action For Violations of Business and Professions Code § 17200,**
    **et seq. Against All Defendants)**
14

15      66.    Plaintiffs reallege and incorporate herein by reference the allegations of the

    paragraphs above.
16
17      67.    Plaintiffs file this cause of action as a class action to challenge and to remedy

18  defendant's business practices. Business and Professions Code § 17200, et seq., often

19  referred to as the "Unfair Competition Law," (hereinafter "the UCL") defines unfair

20  competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL

    provides that a court may order injunctive relief and restitution to affected members of the
21
22  general public as remedies for any violations of the UCL.

23      68.    Beginning on an exact date unknown to plaintiffs, but at all times relevant

24  herein and during the four years preceding the filing of the complaint in this action,

25  defendants, including VW CREDIT and the Doe defendants, have committed, and continue

26  to commit, acts of unfair competition proscribed by the UCL, including the practices alleged

    herein. These acts of unfair competition include the following:
27
28      a.    Defendants have violated the provisions of Civil Code § 2983.2(a) with

                                    14
                                  COMPLAINT

1   respect to members of the general public by failing to send them Statutory Notices that

2   contained the disclosures mandated by that section;

3         b.    Defendants have violated the provisions of Civil Code § 2983.3(d) by

4   imposing unlawful conditions on the right to reinstate;

5         c.    Defendants have violated the provisions of Civil Code § 2983.3(a) by

6   accelerating the contract balance without any default by the consumer;

7         d.    Defendants negligently misrepresent orally to members of the general

8   public issued defective Statutory Notices that they are obligated to pay deficiency balances;

9         e.    Defendants fraudulently misrepresent orally to members of the general

10   public issued defective Statutory Notices that they are obligated to pay deficiency balances;

11         f.    Defendants negligently misrepresent in writing to members of the

12   general public sent defective Statutory Notices that they are obligated to pay deficiency

13   balances;

14         g.    Defendants fraudulently misrepresent in writing to members of the

15   general public sent defective Statutory Notices that they are obligated to pay deficiency

16   balances;

17         h.    Defendants actively conceal their unlawful activity from members of

18   the general public sent defective Statutory Notices;

19         i.    Defendants unlawfully, unfairly and/or fraudulently carry on their

20   account records deficiency balances of members of the class issued defective Statutory

21   Notices as amounts lawfully due and owing, and VW CREDIT collects and attempts to

22   collect money from class members on these illegal deficiency balances;

23         j.    Defendants unlawfully, unfairly and/or fraudulently report to credit

24   reporting agencies the deficiency balances allegedly owed by members of the class issued

25   defective Statutory Notices as amounts lawfully due and owing;

26         k.    Defendants unlawfully, unfairly and/or fraudulently report to other

27   third parties deficiency balances allegedly owed by members of the general public issued

28   defective Statutory Notices as amounts lawfully due and owing;

15
COMPLAINT

l.     Defendants unlawfully, unfairly and/or fraudulently collect deficiency balances from members of class sent defective Statutory Notices;

m.     Defendants unlawfully, unfairly and/or fraudulently file lawsuits against members of the class issued defective Statutory Notices in order to collect deficiency balances;

n.     Defendants unlawfully, unfairly and/or fraudulently misrepresent their compliance with the provisions of Civil Code § 2983.2 to courts throughout the State of California and conceals their violations of the law.

o.     Defendants unlawfully, unfairly, and/or fraudulently sell or assign accounts on which no money is legally due to others including the Doe defendants for collection, and the Doe defendants purchase or accept such accounts and conduct collection efforts on them.

69.     The business acts and practices of defendants as hereinabove alleged constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate provisions of the Rees-Levering Automobile Sales Finance Act, and the Rosenthal Fair Debt Collection Practices Act (Civil Code § 1788. et seq), constitute systematic breaches of contracts and constitute violations of the common law.

70.     The business acts and practices of defendants, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers.   Said acts and practices have no utility that outweighs their substantial harm to consumers.

71.     The business acts and practices of defendants, as hereinabove alleged, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

72.     The unlawful, unfair and fraudulent business acts and practices of defendants described herein, present a continuing threat to members of the general public in that defendants are currently engaging in such acts and practices, and will persist and continue to

16
COMPLAINT

1    do so unless and until an injunction is issued by this Court.

2         73.    Plaintiff is informed and believes that VW CREDIT sold the accounts of some

3    class members to others, including the Doe defendants.  The Doe defendants continue to

4    violate the law by attempting to collect on these accounts.

5         74.    As a direct and proximate result of the acts and practices described herein,

6    defendants have received and collected substantial monies from consumers that they are not

7    entitled to.  Such funds properly belong to the consumers who were subjected to improper

8    and invalid deficiency collections.  Further, defendants have, on information and belief,

9    reported to credit reporting agencies that deficiencies for which borrowers have no liability

10   are valid debts.

11        75.    Pursuant to Business and Professions Code § 17203, plaintiff seeks an order

12   enjoining defendants from engaging in such acts and practices as hereinabove alleged, and

13   ordering that defendants provide appropriate restitution and disgorgement of illicit profits, to

14   all affected consumers.  Plaintiff also specifically seeks an injunction preventing defendants

15   from collecting, or attempting to collect, any deficiency balance where the Statutory Notice

16   failed to comply with Civil Code § 2983.2(a) or was otherwise defective, or from obtaining

17   any other deficiency judgment from any proposed class member in violation of the Rees-

18   Levering Act.   In addition, pursuant to Code of Civil Procedure § 1021.5, plaintiff seeks

19   recovery of her attorneys' fees, costs and expenses incurred in the filing and prosecution of

20   this action.

21        76.    Plaintiffs and the class have lost money or property as a direct and proximate

22   result of the unfair competition of defendants alleged herein, as set forth at paragraph 27.

23        WHEREFORE, plaintiffs pray for relief as set forth below.

**FIFTH CAUSE OF ACTION**
**(Class and Individual Action For Declaratory Relief**
**Against All Defendants)**

77.    Plaintiffs reallege and incorporate herein by reference the allegations of each

and every paragraph above.

17
COMPLAINT

78.     An actual controversy has arisen between plaintiffs and the members of the proposed class, on the one hand, and defendants, on the other hand, as to their respective rights, remedies and obligations.  Specifically, plaintiffs allege that the acts and practices of defendants as hereinabove alleged are unlawful, unfair, and fraudulent, and that plaintiffs and members of the class are therefore not liable for any deficiency balances following disposition of their repossessed motor vehicles, and are entitled to restitution for any and all amounts paid pursuant to demands by defendants for such deficiencies, and any other such amounts of restitution or damages as the court may order.

79.     Plaintiffs further contend that defendants have acted unlawfully, unfairly and fraudulently in falsely reporting deficiency balances to credit reporting agencies as amounts due and owing by class members, in taking actions to collect deficiency balances, and in failing to eliminate deficiency balances purportedly owed by class members from their books.

80.     Plaintiffs further contend that defendants have been unjustly enriched at the expense and to the detriment of class members by collecting monies to which they are not entitled and have wrongfully collected. Defendants have wrongfully failed or refused to refund or intend to seek the amounts wrongfully collected and unlawfully seek to collect additional amounts to which they are not entitled.

81.     Defendants dispute all of plaintiffs' contentions and contend to the contrary. Accordingly, plaintiffs' seek a declaration as to the respective rights, remedies, and obligations of the parties.

WHEREFORE, plaintiffs pray for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully pray for relief as follows:

1.     For an order certifying this case as a class action;

2.     For an order finding and declaring that defendants' acts and practices as challenged herein are unlawful, unfair and fraudulent;

3.     For an order preliminarily and permanently enjoining defendants from

18

1    engaging in the practices challenged herein;

2       4.    For an order of restitution and/or disgorgement in an amount to be determined

3    at trial;

4       5.    For an accounting;

5       6.    For compensatory damages according to proof;

6       7.    For statutory damages;

7       8.    For pre-judgment interest to the extent permitted by law;

8       9.    For an award of attorneys' fees, costs and expenses incurred in the

9    investigation, filing and prosecution of this action under any applicable provision of law or

10    contract; and

11       10.    For such other and further relief as the Court may deem just and proper.

12                **DEMAND FOR JURY TRIAL**

13       Plaintiffs and the class hereby demand a trial by jury under the United States

14    Constitution.

15

16    Dated: August 2, 2011             Respectfully submitted,

17                      TRUEBLOOD LAW FIRM

18

19

20                    By:          _____

                                 Alexander B. Trueblood

21

22                    Attorneys for Plaintiffs

                   VARSHA AND SHEETAL SHARMA

23

24

25

26

27

28

19

COMPLAINT

**EXHIBIT I**

Dec 06 10 11:49a     Sheetal Sharma
Nov 18 10 03:02p     Sharma                                     (323) 465-2863          p.7
Nov. 18. 2010  3:33PM     IN CREDIT                             NO. 5394   P. 2

THE ESTATE OF GAJA SHARMA
849310090

VW Credit, Inc.
P.O. Box 7572
Libertyville IL 60048-7572
Phone 866-623-8350

**NOVEMBER 12, 2010**

**NOTICE OF OUR PLAN TO SELL THE PROPERTY**

THE ESTATE OF GAJA SHARMA
2275 OAK HILL DR
PITTSBURG, CA 94565-4230

SUBJECT: Sale of the following property:

Account #:    849310090
Vehicle:       2005 AUDI A4
VIN:           WAUAC48H55K011369

We have your 2005 AUDI A4, because you broke promises in our agreement.

We will sell your 2005 AUDI A4 at private sale sometime after DECEMBER 2, 2010*. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just past due payments), including our expenses. To learn the exact amount you must pay, call us at 866-623-8350.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 888-623-8350 or write us at P.O. Box 3704, Hillsboro, OR 97123 and request a written explanation. We will charge you $25 for the explanation if we sent you another written explanation of the amount you owe us within the last six months.

If you need more information about the sale, call us at 866-623-8350 or write us at P.O. Box 3704, Hillsboro OR 97123.

VW Credit, Inc. (d.b.a. Volkswagen Credit, Audi Finance Services, and Bentley Financial Services) servicer for VW Credit Leasing, Ltd.

Exh. A Page 30

Dec 06 10 11:49a      Sheetal Sharma                    (323) 466-2863              p.8

THE ESTATE OF GAJA SHARMA
849310090

We are sending this notice to the following other people who have an interest in the vehicle or who owe money under your agreement.

You may have additional rights under California law, including the right to additional time to get the Vehicle back.  You may also have the right to get the Vehicle back by paying less than the full amount you owe.  Please read the following NOTICE OF INTENT TO DISPOSE OF MOTOR VEHICLE for a description of these additional rights.

NOS CA R 4 (6/USE)
Page 2 of 9

VW Credit, Inc. (d.b.a. Volkswagen Credit, Audi Financial Services, and Bentley Financial Services, servicer for VW Credit Leasing, Ltd.

Exh. A Page 31

Dec 06 10 11:50a    Sheetal Sharma
Nov 18 10 03:02p    Sharma                     (323) 466-2863                      p.9
NOV. 18.  2010  3:30PM    VW CREDIT              NO. 7390   P. 4

THE ESTATE OF GAJA SHARMA
849310090

## NOTICE OF INTENT TO DISPOSE OF MOTOR VEHICLE

This Notice provides additional information to you concerning your rights under
California law to recover the Vehicle. .Please read it carefully.

We intend to dispose of (sell) the Vehicle after the expiration of 20 days from the date of
this notice (the "Redemption and Reinstatement Periods") unless you obtain a 10-day
extension (see the **RIGHT TO OBTAIN EXTENSION** later in this notice).

**RIGHT TO GET YOUR PROPERTY BACK:**  To get your Vehicle back, you can do one
of two things:

**FIRST WAY:** Unless one of the boxes below is checked, you have the conditional right
to reinstate your contract and pay future monthly payments as they become due.  This
is called "reinstatement."

[ ]     You do not have the conditional right to reinstatement because you or any
        other person liable on the contract has already exercised the right to
        reinstate the contract once in the past 12-month period or twice during the
        terms of the contract.

You do not have the conditional right to reinstatement because you or any other person
liable on the contract or vehicle:

[ ]     by omission or commission intentionally provided false or misleading
        information of material importance on his or her credit application.

[ ]     in order to avoid repossession has concealed the motor vehicle or
        removed it from the state.

[ ]     has committed or threatens to commit acts of destruction, or has failed to
        take care of the motor vehicle in a reasonable manner, so that the motor
        vehicle has become substantially impaired in value.

[ ]     has committed, attempted to commit, or threatened to commit criminal
        acts of violence or bodily harm against an agent, employee, or officer of
        the seller or holder in connection with the seller's or holder's repossession
        of or attempt to repossess the motor vehicle.

[ ]     has knowingly used the motor vehicle, or has knowingly permitted it to be
        used, in connection with the commission of a criminal offense, other than
        an infraction, as a consequence of which the motor vehicle has been
        seized by a federal, state, or local agency or authority pursuant to federal,
        state, or local law.

[ ]     has been seized by a federal, state, or local public agency or authority
        pursuant to (A) Section 1324 of Title 8 of the United States Code or Part

NOE CA R 4 (01/06)
Page 3 of 4

VW Credit, Inc. (f.k.a. Volkswagen Credit, Audi Financial Services, and Bentley Financial Services) servicer for VW Credit Leasing, Ltd.

Dec 05 10 11:50a   Sheetal Sharma                    (323) 466-2863            p.10
Nov 18 10 03:33p   Sharma
Nov. 18. 2012  2:30PM  TB GACUII              NO. J370  P. J

THE ESTATE OF GAJA SHARMA
848310090

274 of Title 9 of the Code of Federal Regulations, (B) Section 981 of Title 21 of the United States Code or Part 9 of Title 28 of the Code of Federal Regulations, or (C) other federal, state, or local law including regulations, and, pursuant to that other law, the seizing authority, as a precondition to the return of the motor vehicle to the seller or holder, prohibits the return of the motor vehicle.

If you do not have the right to reinstate the contract, you may still redeem the Vehicle (see **SECOND WAY**, below).

To reinstate your contract, you must pay the **TOTAL AMOUNT TO REINSTATE** stated below and comply with any **OTHER CONDITIONS** listed below, prior to DECEMBER 2, 2010 or, if you request an extension, DECEMBER 12, 2010. You must also make any **PAYMENTS TO THIRD PARTIES** (see the **ADDITIONAL INFORMATION** section below) to recover the Vehicle upon reinstatement.

| | | | |
|---|---|---|---|
| A. | PAST DUE PAYMENTS as of the date of this notice | $ | 985.23 |
| B. | LATE CHARGES assessed as of the date of this notice | $ | 59.10 |
| C. | COLLECTION COSTS incurred as of the date of this notice | $ | 55.00 |
| D. | REPOSSESSION COSTS incurred as of the date of this notice | $ | 350.00 |
| E. | DAILY STORAGE COSTS incurred as of date of repossession | $ | 125.00 |
| F. | TRANSPORTATION COSTS | $ | 0.00 |
| G. | OTHER COSTS: Redemption Fee $25.00 | $ | 25.00 |

**TOTAL AMOUNT NOW DUE**                      $          1,599.33
(does not include amounts that become due after the date of this notice)

Other conditions:

[ X ] You must provide us with proof of vehicle insurance. You may send proof of insurance with your payment or fax proof of insurance to us at 1-503-815-7332.
[ X ] You must satisfy and remove all unpaid liens and encumbrances on the Vehicle:
   Pay to lien holder: [NAME AND ADDRESS]                $0.00
   Pay to lien holder: [NAME AND ADDRESS]                $0.00

Any other amounts not shown above, including monthly payments and late charges that come due during the Redemption and Reinstatement Periods, will be billed separately after reinstatement or added to the contract balance. **YOU DO NOT NEED TO PAY ANY AMOUNTS NOT SHOWN ABOVE TO REINSTATE THE CONTRACT.**

**SECOND WAY:** You have the right to redeem your Vehicle at any time until the Vehicle is actually sold. Your Vehicle will not be sold until, at the earliest, DECEMBER 2, 2010

NOS CA R 4 (21/05)
Page 4 of 6

VW Credit, Inc. (d.b.a. Volkswagen Credit, Audi Financial Services, and Bentley Financial Services) servicer for VW Credit Leasing, Ltd.

Dec 06 10 11:50a    Sheetal Sharma                          (323) 466-2863              p.11
Nov 12 10 03:03p    Sharma
Nov. 18. 2010  3:30PM    VW CREDIT                              NO. 5550   P. 6

THE ESTATE OF GAJA SHARMA
849310080

or, if you request an extension, DECEMBER 12, 2010. To redeem your Vehicle you
must pay the TOTAL BALANCE DUE as stated below.

| | | | |
|---|---|---|---|
| A. | UNPAID CONTRACT BALANCE | $ | 15,497.65 |
| B. | LATE CHARGES assessed as of the date of this notice | $ | 59.10 |
| C. | COLLECTION COSTS incurred as of the date of this notice | $ | 55.00 |
| D. | REPOSSESSION COSTS incurred as of the date of this notice | $ | 350.00 |
| E. | DAILY STORAGE COSTS incurred as of date of repossession | $ | 125.00 |
| F. | TRANSPORTATION COSTS | $ | 0.00 |
| G. | OTHER COSTS: Redemption Fee $25.00 | $ | 25.00 |
| | Subtotal (A through G) | $ | 16,111.75 |
| | LESS | | |
| H. | FINANCE CHARGE REBATE | $ | 0.00 |
| I. | INSURANCE PREMIUM REBATE (Company and type of insurance) | | |
| | N/A | $ | 0.00 |
| | N/A | $ | 0.00 |
| | N/A | $ | 0.00 |
| | Subtotal (H. and I.) | $ | 0.00 |

TOTAL BALANCE DUE                                    $        16,111.75
(does not include amounts that become due after the date of this notice)

Even if you do not have the conditional right of reinstatement or your initial and (if
applicable) extended Redemption and Reinstatement Periods have expired, you have
the right to redeem the vehicle ANY TIME BEFORE IT IS SOLD as provided above.

**RIGHT TO OBTAIN EXTENSION:** Upon written request, we will extend the Redemption
Period, or if you are entitled to reinstatement, both your Redemption and Reinstatement
Periods, by 10 additional days without further notice. To request this extension, use the
REQUEST FOR EXTENSION form provided below. Read the form carefully and follow
the instructions exactly. A REQUEST FOR EXTENSION must be received by us before
the expiration of the initial Redemption and Reinstatement Periods.

### ADDITIONAL INFORMATION

**RETURN OF THE VEHICLE:** If you reinstate your contract or redeem your Vehicle,
your Vehicle will be returned to you at:

NOS CA R 4 (01-04)
Page 6 of 8

VW Credit, Inc. d.b.a. Volkswagen Credit, Audi Financial Services, and Bentley Financial Services service for VW Credit Leasing, Ltd.

Dec 06 10 11:51a     Sheetal Sharma                          (323) 466-2863          p.12

THE ESTATE OF GAJA SHARMA
849310090

COLLATERAL RECOVERY SERVICES
12130 PHILADELPHIA AVE
WHITTIER, CA 90601
(562) 907-6710

**PAYMENTS TO THIRD PARTIES:** The following fees must be paid at the time you pick up the Vehicle:

Daily Storage Fees to COLLATERAL RECOVERY SERVICES 12130 PHILADELPHIA AVE WHITTIER, CA 90601 from the date of this Notice to the date you pick up the Vehicle: $25.00 per day.

California law requires the payment of a fifteen dollar ($15) fee to the law enforcement agency in the city/county where the repossession occurred before a repossessed vehicle may be released. PAYMENT OF THE FEE IS NOT A CONDITION OF REINSTATEMENT. Contact LOL ANGELES POLICE DEPARTMENT (877) 275-5273 to make payment or for further instructions. You may also call us at 866-523-8350 for more information.

**RIGHT TO AN ACCOUNTING:** Upon written request, unless already provided within 45 days after disposition, we will furnish a written accounting regarding the disposition of the Vehicle as provided in California Civil Code section 2983.2(b). Your request must be made within one year after the disposition of the Vehicle and must be personally served or sent first-class mail, postage prepaid, or certified mail, return receipt requested, to: VW Credit, Inc., PO Box 3704, Hillsboro, OR 97123.

Upon disposition of the Vehicle, you will be liable for any deficiency balance plus interest at the interest rate set forth in your contract, or at the legal rate of interest pursuant to California Civil Code section 3289 if there is no contract rate of interest, from the date of the sale of the Vehicle to the date of entry of judgment.

**NOTICE: YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE PROPERTY IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE.**

**NOTICE TO DEBTORS IN BANKRUPTCY:** If you have filed for bankruptcy, this notice is for "Information Purposes Only", and not an attempt at debt collection. Those discharged under bankruptcy will not be held liable for any deficiency balance after sale of the vehicle.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.
Payment can be made to:

NOS CA II 6 (01/05)
Page 6 F 8

VW Credit, Inc. (f.k.a. Volkswagen Credit, Audi Financial Services, and Bentley Financial Services) servicer for VW Credit Leasing, Ltd.

Dec 06 10 11:51a      Sheetal Sharma
Nov 18 10 03:04p      Sharma                                    (323) 466-2863                    p.13
·Nov. 18. 2010  3:31PM      VW CREDIT                          No. 7370    P. 8

THE ESTATE OF GAJA SHARMA:
849310090

VW Credit, Inc.                                    OVERNIGHT ADDRESS:
Asset Resolution                                   VW Credit, Inc,
PO Box 3704                                        Asset Resolution
Hillsboro, OR 97123                                22623 NW Bennett St
866-623-8350                                       Hillsboro, OR 97124

If you have any questions, write or telephone us promptly at the address or number
above.

VW Credit, Inc.

NOS CA N 8 (01/08)
Page 1 of 6

VW Credit, Inc. (d.b.a. Volkswagen Credit, Audi Financial Services, and Bentley Financial Services) servicer for VW Credit Leasing, Ltd.

Dec 06 10 11:51a    Sheetal Sharma
Nov 23 10 09:39p    Sharma                                    (323) 466-2863              p.14
nov. 10. 2010  3:31rm   iw cnebii                            no. 5590  r. 7

THE ESTATE OF GAJA SHARMA
849310090

---

### EXTENSION REQUEST

I, THE ESTATE OF GAJA SHARMA, request that VW Credit, Inc. extend the
Reinstatement Period (if applicable) and Redemption Period available for me to
reinstate or redeem the following property for 10 additional days.

Vehicle:        2005 AUDI A4
VIN:            WAUAC48H55K0113369.

Date: 11/23/10              Signature: *Suchleta Sharma*

INSTRUCTIONS:  This form must be personally served or sent by certified or registered
mail, return receipt requested, to VW Credit, Inc., Asset Recovery, 22823 NW Bennett
St., Hillsboro, OR 97124 and must be received on or before DECEMBER 2, 2010.

*Please do not sell this vehicle. The attached
paperwork is in accordance with
California State Law.*

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature  x B Menjai  ☐ Agent  ☐ Addressee |
| | B. Received by ( Printed Name )  Ben Menjay     C. Date of Delivery  11/29/10 |
| 1. Article Addressed to:  VW CREDIT  ASSET RECOVERY  22825 NW BENNETT ST  Hillsboro OR 97124 | D. Is delivery address different from item 1?  ☐ Yes  If YES, enter delivery address below:  ☐ No |
| | 3. Service Type  ☑ Certified Mail  ☐ Express Mail  ☑ Registered  ☑ Return Receipt for Merchandise  ☐ Insured Mail  ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number  (Transfer from service label)  7010 0780 0001 2847 5129 | |
| PS Form 3811, February 2004     Domestic Return Receipt | 102595-02 |

NOS CA R 4 (01/05)
Page 8 of 8

VW Credit, Inc. (d.b.a. Volkswagen Credit, Audi Financial Services, and Bentley Financial Services)
servicer for VW Credit Leasing, Ltd.

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
                    ) ss
COUNTY OF LOS       )
ANGELES             )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Los Angeles, CA 90067-3086.

On October 7, 2011, I served the foregoing document(s) described as: **NOTICE OF REMOVAL OF DEFENDANT VW CREDIT, INC.; DECLARATION OF THOMAS J. SZOT IN SUPPORT THEREOF** on the interested parties in this action as follows:

Alexander B. Trueblood                     Brandon A. Block
**Trueblood Law Firm**                     **Law Offices of Brandon A. Block, APC**
10940 Wilshire Boulevard., Suite 1600      433 North Camden Drive, Suite 1600
Los Angeles, California 90024              Beverly Hills, California 90210

☐ **(VIA PERSONAL SERVICE** By causing the document(s), in a sealed envelope, to be delivered to the person(s) at the address(es) set forth above.

☑ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☐ **(VIA E-MAIL)** Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

☐ **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 7, 2011, at Los Angeles, California.

Rennie Santhon                                    _____
[Type or Print Name]                              [Signature]

LA 51466013

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086