1  TRUEBLOOD LAW FIRM
   Alexander B. Trueblood (Bar No. 150897)
2  10940 Wilshire Blvd., Suite 1600
   Los Angeles, CA 90024
3  Telephone: (310) 443-4139
   Facsimile: (310) 943-2255
4
   LAW OFFICES OF BRANDON A. BLOCK, APC
5  Brandon A. Block (State Bar No. 215888)
   433 North Camden Drive, Suite 600
6  Beverly Hills, California 90210
   Telephone: (310) 887-1440
7  Facsimile: (310) 496-1420

8  Attorneys for Plaintiffs
   VARSHA AND SHEETAL SHARMA
9

10            UNITED STATES DISTRICT COURT FOR THE

11            CENTRAL DISTRICT OF CALIFORNIA

12

13  VARSHA SHARMA, and SHEETAL        )  Case No. CV-11-08360 DDP (Ex)
    SHARMA, individually, and on behalf )
14  of all others similarly situated,    )  **CLASS ACTION**
                                        )
15            Plaintiff,               )  **FIRST AMENDED COMPLAINT**
                                        )  **FOR INJUNCTIVE AND**
16       vs.                           )  **DECLARATORY RELIEF,**
                                        )  **RESTITUTION, AN ACCOUNTING**
17  VW CREDIT, INC. dba Audi Financial )  **AND DAMAGES FOR**
    Services, and DOES 1 through 50,    )  **VIOLATIONS OF THE REES-**
18  inclusive,                         )  **LEVERING AUTOMOBILE SALES**
                                        )  **FINANCING ACT, CIVIL CODE**
19            Defendants.              )  **§ 2981, ET SEQ., THE UNFAIR**
                                        )  **COMPETITION LAW, BUSINESS**
20                                      )  **AND PROFESSIONS CODE**
                                        )  **§ 17200, ET SEQ., AND THE**
21                                      )  **ROSENTHAL FAIR DEBT**
                                        )  **COLLECTION PRACTICES ACT,**
22                                      )  **CIVIL CODE § 1788 ET SEQ.**
                                        )
23                                      )
                                        )
24                                      )

            BY FAX
25

26

27

28

FIRST AMENDED COMPLAINT – CASE NO. CV-11-08360 DDP (Ex)

1     Plaintiffs Varsha and Sheetal Sharma, individually, and on behalf of all

2  others similarly situated, hereby complain against defendants VW Credit, Inc. dba

3  Audi Financial, and DOES 1 through 50, inclusive, and on information and belief,

4  allege as follows:

5                     **PRELIMINARY STATEMENT**

6     1.     Plaintiffs bring this action under the Rees-Levering Automobile Sales

7  Finance Act, Civil Code § 2981, et seq. (hereinafter "Rees-Levering Act"), and

8  other applicable laws, to challenge the unlawful, unfair and deceptive practices of

9  defendant VW Credit, Inc. dba Audi Financial ("VW Credit"), following

10  repossession of motor vehicles from California consumers.  In particular, VW

11  Credit fails to provide borrowers under conditional sales contracts with statutorily-

12  mandated notice of their legal rights and obligations after repossession of vehicles;

13  negligently and/or fraudulently misrepresents the rights and obligations of the

14  parties following repossession; collects, or seeks to collect, deficiencies from

15  borrowers following repossession for which borrowers are not liable as a matter of

16  law; sells or assigns debt which does not exist as a matter of law to other entities to

17  collect upon, and unlawfully and falsely reports borrowers' deficiency balances to

18  credit reporting agencies as past due debts when collection of said amounts is in

19  fact unlawful.  Plaintiffs seek appropriate relief for the proposed class, as wells as

20  attorneys' fees, costs and expenses.

21                          **PARTIES**

22     2.     Plaintiff Varsha Sharma is an individual over the age of 18 years of

23  age.   She is a citizen of the state of California.

24     3.     Plaintiff Sheetal Sharma is an individual over the age of 18 years of

25  age. She is a citizen of the state of California.

26     4.     Defendant VW Credit, Inc. is a Delaware corporation with its

27  principal place of business in the state of Illinois.  VW Credit, Inc. does business

28  under the fictitious business name of Audi Financial, and is engaged in the

business of selling automobiles, providing financing to purchasers of automobiles, and in debt collection on such accounts.

5.      Defendants DOES 1 through 50 are persons or entities whose true names and capacities are presently unknown to plaintiffs, and who therefore are sued by such fictitious names.   Plaintiffs are informed and believes and thereon allege that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged hereinbelow, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiffs and the class. Plaintiffs will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

6.      At all times mentioned herein, each of the defendants were the agents and employees of each other and were acting in the course and scope of their agency, employment and authority and with the permission and consent of their co-defendants in committing the acts alleged.  The defendants are jointly and severally liable to plaintiffs and to the class they seek to represent.

## VENUE

7.      Venue is proper in the Central District in that, among other things, a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this District.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.      Gaja Sharma, the father of both plaintiffs, leased a 2005 Audi A4, VIN WAUAC48H55K001369 (hereinafter, "the Vehicle"), primarily for personal and family purposes, from a California licensed motor vehicle dealership located in Los Angeles County.  Gaja Sharma purchased the Vehicle for his daughter, plaintiff Varsha Sharma.

9.      The dealership subsequently assigned the lease contract to defendant VW Credit.  When the lease term ended, Gaja Sharma arranged with VW Credit to purchase the Vehicle.  VW Credit sold the Vehicle to Mr. Sharma under a

2

conditional sale contract as defined and regulated by the Rees-Levering Automobile Sales Finance Act (a "Form Agreement"), under which VW Credit was the seller and Mr. Sharma was the buyer.

10.     Gaja Sharma passed away in June 21, 2010.  The assets of his estate, including title to the Vehicle and Mr. Sharma's rights and duties under the conditional sale contract, were transferred in equal shares to plaintiff Varsha Sharma, plaintiff Sheetal Sharma, and Mr. Sharma's wife, Snehlata Sharma. The Form Agreement provides that "The duties and benefits of this Loan Agreement shall bind and benefit the successors and assigns of me and you."

11.     Snehlata Sharma sent VW Credit the death certificate.  By letter dated September 8, 2010, VW Credit acknowledged receiving the death certificate, and informed Snehlata Sharma that Mr. Sharma's estate would have "90 days", i.e. until December 8, 2010, to choose to either surrender the Vehicle, pay off the conditional sale contract balance, or transfer the loan payment obligations to another person.

12.     Snehlata Sharma sent VW Credit a November 1, 2010 letter stating that she elected VW Credit's third option, transfer of the Vehicle and loan obligations to Mr. Gaja's heirs.

13.     After her father died, plaintiff Varsha Sharma continued making monthly payments on the conditional sales contract to VW Credit, which VW Credit accepted.

14.     On November 8, 2010, VW Credit repossessed the Vehicle.

15.     On or about November 12, 2010, defendant VW Credit issued a written "Notice of Intent To Sell Motor Vehicle" to plaintiffs, addressed to "The Estate of Gaja Sharma," stating that the Vehicle had been repossessed, and that VW Credit intended to dispose of the Vehicle ("Statutory Notice").  The Statutory Notice is attached hereto as Exhibit 1 and incorporated herein by reference.

16.     Plaintiffs' right to a particularized notice after repossession is

3

established by the provisions of the Rees-Levering Act.  The Rees-Levering Act regulates the repossession and disposition of motor vehicles financed under conditional sale contracts in California, and, among other provisions, imposes strict requirements upon sellers under conditional sale contracts, such as VW Credit, following a repossession.

17.     In order to protect consumers' valuable property interests in financed vehicles, and afford buyers a full opportunity to make an informed decision as to whether to exercise their statutory right to redemption or reinstatement, the Rees-Levering Act requires the seller or holder of the contract to issue a detailed Statutory Notice to the buyer following repossession.  Civil Code § 2983.2(a) specifies the precise information and disclosures that must be included in the Statutory Notice in order to comply with the law.  Among other disclosures, the notice must contain the following language:

(1) An itemization of the contract balance and of any delinquency, collection or repossession costs and fees;

(2) Disclosure of the conditional right to reinstate the contract until the expiration of 15 days from the date of giving or mailing the notice and all the conditions precedent thereto;

(4) Discloses the place at which the motor vehicle will be returned to those persons upon redemption or reinstatement;

(5) Designates the name and address of the person or office to whom payment shall be made;

Civil Code §§ 2983.2(a)(1), (a)(2), (a)(4), (a)(5).

18.     Absent strict compliance with the mandatory requirements for the Statutory Notice, a seller or holder may not lawfully collect a deficiency from any person liable under a Form Agreement following disposition of the repossessed vehicle.  The Rees-Levering Act specifically provides that those persons "shall be liable for any deficiency only if the notice prescribed" contains "all" of the

4

disclosures mandated by the statute.  Civil Code § 2982.2(a).

19.    The Rees-Levering Act further specifies that no seller or holder may obtain a deficiency judgment, and "no deficiency judgment shall lie in any event," against a person otherwise liable under a Form Agreement after the repossession and disposition of a vehicle unless a court has determined, upon the affidavit of the seller or holder, or a hearing if the court so requires, that the sale or other disposition was in conformity with the provisions of the Rees-Levering Act.  Civil Code § 2983.8.

20.    The Statutory Notice that VW Credit issued to plaintiffs, and has been issuing to other borrowers since at least April 14, 2010, was materially defective in that it:

(a)    in violation of Civil Code § 2983.2(a)(1), understated the true contract balance by omitting the interest and late fees accruing on payments coming due during the redemption period;

(b)    in violation of Civil Code § 2983.2(a)(2), failed to disclose the total amount necessary to reinstate, by omitting amounts that became due after the date of the Statutory Notice.  The Statutory Notice states that the "Total Amount Now Due does not include amounts that become due after the date of this notice" It further states that any amounts not disclosed on the Statutory Notice will be billed separately after reinstatement or added to the contract balance.

(c)    in violation of Civil Code § 2983.2(a)(1), (a)(2), and (a)(5), falsely informed the borrower that paying a $15 government repossession fee was not a condition of reinstatement, when in fact proof of payment had to be provided to the party holding the vehicle before that party could release it.  The Statutory Notice also omitted the address of the governmental agency to whom the fee had to be paid.  The Statutory Notice also improperly advised the borrower to call VW Credit for more information.

(d)     in violation of Civil Code § 2983.2(a)(2), failed to disclose the monthly installment payments coming due during the reinstatement period, including their amounts, the dates they would be due, the amount of interest or late charges thereon, and when the late charges would accrue.  Making such payments was a condition of reinstatement, because the Statutory Notice states that they will not be waived, but will be added to the contract balance or separately billed.

(e)     in violation of Civil Code § 2983.2(a)(4), failed to disclose the place at which the motor vehicle would be returned upon redemption or reinstatement.  Plaintiffs' Vehicle, and the vehicles of other class members, were transferred from the auto repossessor to the auto auction during the pendency of the reinstatement/redemption period, but VW Credit's Statutory Notice did not disclose the name and address of the auction, where the vehicle would be returned if the borrower reinstated or redeemed after the transfer.

(f)     in violation of Civil Code § 2983.2(a)(1), (a)(2), and (a)(5), failed to disclose multiple fees and charges payable by the borrower to the auto auction upon redeeming or reinstating, if the borrower reinstated or redeemed after the auction had taken possession of the vehicle.  Those fees and charges included, but are not limited to, storage fees, transportation fees, reconditioning fees, an administrative sale fee, DMV printout fee, mechanical work charges, and a general administration fee.  The Statutory Notice also failed to disclose the payment address for the auto auction(s).

(g)     in violation of Civil Code § 2983.3(d)(3), required the borrower to show proof of insurance as a condition of reinstatement, even though plaintiffs and other similarly situated borrowers had not defaulted on any obligation to maintain insurance.

(h)     in violation of Civil Code § 2983.3(d)(2), required the borrower to satisfy and remove unpaid liens on the vehicle, even though plaintiffs and other similarly situated borrowers had no such unpaid liens.

(i)     in violation of Civil Code § 2983.2(a)(2), required the borrower to satisfy and remove unpaid liens on the vehicle, without specifying the third parties that had to be paid, the amount to be paid, and the payment address.

(j)     in violation of Civil Code § 2983.3(d)(1) and (d)(5), required the borrower to pay a $15 "redemption fee" which was a profit item, and not a delinquency charge or a reasonable and necessary collection or repossession cost.

21.     The defective and improper Statutory Notices VW Credit issued to plaintiffs purportedly pursuant to Civil Code § 2983.2, which deprived them of statutorily-mandated notice, are standard notices sent by VW Credit as a practice and procedure common to all persons who are liable under conditional sale contracts and whose vehicles are repossessed.

22.     Plaintiff Varsha Sharma spoke with VW Credit numerous times after the repossession.  Although the Statutory Notice disclosed her right to reinstate the contract ostensibly for $1599.33, VW Credit's representatives repeatedly refused to allow Ms. Sharma to exercise that right, and told her that only her deceased father could reinstate.  When Ms. Sharma reminded VW Credit's employees that her father was deceased, and that she was his legal heir, VW Credit's employees still refused to allow reinstatement, insisting that she had no right to do so.

23.     VW Credit sold plaintiffs' Vehicle, and assessed a deficiency balance against plaintiffs in the amount of $5,661.75.  VW Credit then sent plaintiffs a letter demanding payment of the deficiency balance, which falsely stated "you are responsible for any deficiency balance calculated above."  VW Credit's itemization of the deficiency balance included transportation, reconditioning and auction fees, which were not disclosed on the Statutory Notice.

24.     VW Credit regularly collects deficiencies from, and obtains deficiency judgments against, proposed class members in various courts of law in violation of the Rees-Levering Act, which prohibits these defendants from collecting any deficiency or obtaining any deficiency judgment by virtue of VW Credit's Statutory Notices.  Plaintiff is informed and believes and thereon alleges that VW Credit has obtained such judgments as a regular and uniform business practice, by submitting false and/or misleading affidavits in court, which represent that VW Credit has fully complied with the Rees-Levering Act, when in fact it has not.

25.     VW Credit, and its agents, following repossession and sale of vehicles, issue payment demands to borrowers negligently and/or fraudulently, misrepresenting to them that they are liable for deficiency balances remaining after disposition of the vehicles, when, in fact, defendants know or should know that as a result of VW Credit's failure to comply with its provisions of the Rees-Levering Act, said borrowers are not liable for, and could not be liable for, said deficiencies or any part of them.

26.     Plaintiffs are informed and believes and thereon allege that VW Credit regularly reports or communicates to consumer credit reporting organizations that purported deficiencies following disposition of vehicles pursuant to the unlawful practices described herein are valid debts when, in fact, plaintiffs and other similarly situated persons are not liable for said deficiencies as a matter of law.

27.     Plaintiffs have suffered injury in fact and have lost money or property as a result of the unlawful, unfair and fraudulent acts and practices of defendants challenged herein. Plaintiffs paid $25 each to VW Credit on the alleged deficiency balance, because defendants demanded payment and falsely told them they were legally responsible for the balance.  Plaintiffs further lost all equity in the Vehicle, and the Vehicle itself, when VW Credit converted the Vehicle by accelerating the loan balance, failing to provide a compliant Statutory Notice that disclosed all

8

conditions of redemption and reinstatement, and also by improperly denying reinstatement. Plaintiff Varsha Sharma further lost money by having to pay for a rental car, and for postage, as a result of defendants' conduct.

## CLASS ACTION ALLEGATIONS

28.     Pursuant to California Code of Civil Procedure § 382 and Civil Code § 1781, plaintiffs bring this action on behalf of themselves and all other persons similarly situated. Plaintiffs bring this action in a representative capacity to remedy the ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek redress on behalf of all those persons who have been affected thereby.

29.     The proposed class is comprised of all persons:

(a)     who purchased a motor vehicle in California primarily for personal or family purposes; and

(b)     who either entered into a Form Agreement with VW Credit to purchase a vehicle which VW Credit owned at the time, or entered into a Form Agreement with any other person or entity, which contract was later assigned to VW Credit;

(c)     who were issued a written notice intended to comply with Civil Code § 2983.2(a) on or after April 14, 2010 through the present; and

(d)     who were assessed a deficiency balance.

30.     Plaintiffs are unable to state the precise number of potential members of the proposed class because that information is in the possession of defendants. It consists of at least hundreds of members and is so numerous that joinder of all members would be impracticable. The exact size of the proposed class, and the identity of the members thereof, will be readily ascertainable from the business records of defendants.

31.     There is a community of interest among the members of the proposed class in that there are questions of law and fact common to the proposed class that

9

predominate over questions affecting only individual members.  These questions include, inter alia, whether defendants failed to provide to individuals whose motor vehicles were repossessed a Statutory Notice containing all of the disclosures required by the Rees-Levering Act; whether defendants collected, or have attempted to collect, deficiency balances from members of the proposed class that they had no legal right to obtain or attempt to collect; whether defendants negligently and/or fraudulently misrepresented to borrowers that they were liable for deficiency balances when there was no obligation to pay such amounts, and falsely reported deficiencies as valid debts to credit reporting organizations; and whether defendants have, through false or misleading representations to the courts of this State obtained judgments in violation of Civil Code § 2983.8.  Proof of a common set of facts will establish the liability of defendants, and the right of each member of the class to recover.

32.    Plaintiffs' claims are typical of those of the class they represent, and they will fairly and adequately represent the interests of the class.  Plaintiffs are represented by counsel competent and experienced in both consumer protection and class action litigation.

33.    A class action is superior to other methods for the fair and efficient adjudication of this controversy.  Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and economically unfeasible for class members to seek redress individually.  The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against defendants, and would establish incompatible standards of conduct for defendants.

### FIRST CAUSE OF ACTION
**(Class Action For Violations of the Rees-Levering Automobiles Sales Finance Act, Civil Code § 2981, <u>et seq.</u> Against All Defendants)**

34.    Plaintiffs reallege and incorporate herein by reference the allegations

in each and every paragraph above.

35.   As is hereinabove alleged, the Rees-Levering Act regulates automobile sale and financing transactions for motor vehicles purchased primarily for personal or family purposes.  The conditional sale contracts of plaintiffs and other members of the proposed class which are held by VW Credit, are subject to and governed by the provisions of the Rees-Levering Act.  Defendant VW Credit is a "seller" or "holder" of said contracts as those terms are used in the statute.

36.   As is hereinabove alleged, defendant VW Credit has engaged and is engaged in ongoing material violations of the Rees-Levering Act in that the Statutory Notice(s) provided to plaintiffs and class members, ostensibly pursuant to Civil Code § 2983.2(a), and that they provided to all other similarly situated consumers following the repossession of their motor vehicles, did not contain the statutorily-mandated disclosures and information required by Civil Code §§ 2983.2(a)(1), (a)(2), (a)(4), and (a)(5).

37.   Defendants violated Civil Code § 2983.3(d)(1), (d)(2) and (d)(5) by imposing conditions upon reinstatement which were not authorized by those sections.

38.   Because defendants have failed to provide members of the proposed class with all of the information and disclosures to which they are entitled under Civil Code § 2983.2(a), and due to their violations of the statutory reinstatement process, said consumers are not liable, under the explicit terms of §§ 2983.2(a) of the Rees-Levering Act, for any deficiency following the disposition of their repossessed motor vehicles.  Nevertheless, without any legal right to do so, defendants have collected, and attempt to collect, deficiency balances from members of the proposed class.

39.   In violation of Civil Code § 2983.3(b),  defendants improperly denied plaintiffs their right to reinstate the contract, without a reasonable and good faith belief that one of the statutory reasons listed at Civil Code § 2983.3(d) applied.

Accordingly, plaintiffs are not liable for any deficiency balance pursuant to Civil Code § 2983.3(e).

40.    Defendants improperly accelerated the loan balance and repossessed the Vehicle upon the death of Gaja Sharma, in violation of Civil Code § 2983.3(a).

41.    As a direct and proximate result of the acts hereinabove alleged and defendants' ongoing unlawful conduct, plaintiffs and the members of the proposed class have been or will be damaged, and have suffered economic losses in an amount to be proven at trial, in that defendants, without any legal right to do so, has collected, and are attempting to collect, substantial deficiency balances from said consumers.

42.    Plaintiffs seek recovery of their attorneys' fees, costs and expenses incurred in the filing and prosecution of this action.

WHEREFORE, plaintiffs pray for relief as set forth below.

<u>**SECOND CAUSE OF ACTION**</u>
**(Breach of Contract)**
**(By Plaintiffs individually and on Behalf of the Class against All Defendants)**

43.    Plaintiffs reallege and incorporate by reference herein the allegations of the preceding paragraphs above.

44.    The purchase contracts signed by plaintiffs and members of the proposed class with VW Credit or defendants' assignors  are pre-printed form contracts that, except for the financial terms of each individual deal, contain substantially identical terms and provisions.

45.    The purchase contract signed by plaintiffs' predecessor in interest promises on behalf of defendants that "The duties and benefits of this Loan Agreement shall bind and benefit the successors and assigns of me and you." Defendants breached this promise by terminating the contract upon the death of the buyer, and demanding that plaintiffs and other similarly situated class members either surrender the Vehicle, pay off the conditional sale contract balance, or

1    transfer the loan payment obligations to another person.

2        46.    The purchase contract signed by plaintiffs' predecessor in interest

3    promises on behalf of defendants that upon default, defendants will give the

4    "legally required" notices and "opportunity to cure the default."  Defendants

5    breached these promises when they failed to provide plaintiffs and members of the

6    proposed class with legal notices that contained the statutorily-mandated

7    disclosures and information required by Civil Code §2983.2(a), and when they

8    imposed improper conditions upon reinstatement in violation of Civil Code

9    § 2983.3(d).

10       47.    The purchase contract signed by plaintiffs' predecessor in interest

11   promises on behalf of defendants that upon default, defendants will only charge

12   reasonable expenses of collection and enforcement of the contract.  Defendants

13   violated this provision by collecting and/or attempting to collect the "redemption

14   fee" from plaintiffs and the class.

15       48.    As a direct and proximate result of the acts hereinabove alleged and

16   defendants' ongoing unlawful conduct, Plaintiffs and the class have been damaged,

17   and have suffered economic losses in an amount to be proven at trial.

18       49.    Plaintiffs seek recovery of their attorneys' fees, costs and expenses

19   incurred in the prosecution of this action, pursuant to Code of Civil Procedure

20   § 1717.

21       WHEREFORE, plaintiffs pray for relief as set forth below.

22   **THIRD CAUSE OF ACTION**
23   **(Class and Individual Action For Violations of the Rosenthal Fair Debt
     Collection Practices Act Against All Defendants)**

24

25       50.    Plaintiffs reallege and incorporate herein by reference the allegations

26   of each and every paragraph above.

27       51.    The Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788,

28   et seq. (the "Rosenthal Act"), was enacted in 1976 to ensure the integrity of our

13

banking and credit industry.  Civil Code § 1788.1(b).  The Legislature found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers."  Civil Code § 1788.1(a)(2).

52.    Defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c).  Defendants, regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of consumer debt.

53.    The purported debts which defendants attempted to collect from plaintiffs and the class were "consumer debt" within the meaning of Civil Code § 1788.2(f).  Plaintiffs and the class are each a "debtor" within the meaning of Civil Code § 1788.2(h) in that they are  natural persons from whom defendants sought to collect a consumer debt alleged to be due and owing.

54.    Defendants attempted to collect non-existent deficiency balances from plaintiffs and other class members by among other things, conducting collections efforts in-house, by assigning such accounts for collection to outside agencies such as the Doe defendants, and by selling said accounts to others (including the Doe defendants) for collection.

55.    Defendants collected or attempted to collect a "redemption fee" from plaintiffs and class members in violation of Civil Code § 1788.14(b).  This fee was not permitted by law.

56.    Defendants assessed deficiency balances against plaintiffs and the class without giving them credit for the unearned portion of service contracts which were still active at the time of repossession.

57.    Defendants violated the provisions of Civil Code § 1788.17 by:

(a)    engaging in conduct the natural consequence of which was to harass, oppress, or abuse plaintiffs and the class in connection with collection of an alleged debt, in violation of 15 U.S.C. § 1692d;

14

1    (b) using false, deceptive, or misleading misrepresentations or

2 means in connection with the collection of a debt, in violation of 15 U.S.C.

3 § 1692e, including that plaintiffs and the class owed debts which were in fact not

4 due or owing; and

5    (c) using unfair or unconscionable means to collect or attempt to

6 collect a debt, in violation of 15 U.S.C. § 1692f.

7   58. Defendants' violations of the Rosenthal Act were willful and

8 knowing, thereby entitling plaintiffs and the class to statutory damages pursuant to

9 Civil Code § 1788.17, which incorporates by reference the remedies of 15 U.S.C.

10 § 1692k.  Plaintiffs and the class are entitled to statutory damages of $500,000 or

11 1% of each defendant's net worth, whichever is less.

12   59. Plaintiffs and the class are entitled to actual damages pursuant to Civil

13 Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the

14 alternative, Civil Code §◊1788.30(a).  However, plaintiffs and the class do not seek

15 emotional distress under this cause of action.

16   60. Plaintiffs and the class are entitled to attorneys fees and costs pursuant

17 to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in

18 the alternative, Civil Code § 1788.30(c).

19        **FOURTH CAUSE OF ACTION**

20 **(Class and Individual Action For Violations of Business and Professions Code**
**§ 17200, <u>et</u> <u>seq</u>. Against All Defendants)**

21

22   61. Plaintiffs reallege and incorporate herein by reference the allegations

23 of the paragraphs above.

24   62. Plaintiffs file this cause of action as a class action to challenge and to

25 remedy defendant's business practices.  Business and Professions Code § 17200, <u>et</u>

26 <u>seq</u>., often referred to as the "Unfair Competition Law," (hereinafter "the UCL")

27 defines unfair competition to include any unlawful, unfair, or fraudulent business

28 act or practice.  The UCL provides that a court may order injunctive relief and

1  restitution to affected members of the general public as remedies for any violations
2  of the UCL.

3      63.    Beginning on an exact date unknown to plaintiffs, but at all times
4  relevant herein and since April 14, 2010, defendants, including VW Credit and the
5  Doe defendants, have committed, and continue to commit, acts of unfair
6  competition proscribed by the UCL, including the practices alleged herein.  These
7  acts of unfair competition include the following:

8          (a)    Defendants have violated the provisions of Civil Code
9  § 2983.2(a) with respect to members of the general public by failing to send them
10 Statutory Notices that contained the disclosures mandated by that section;

11         (b)    Defendants have violated the provisions of Civil Code
12 § 2983.3(d) by imposing unlawful conditions on the right to reinstate;

13         (c)    Defendants have violated the provisions of Civil Code
14 § 2983.3(a) by accelerating the contract balance without any default by the
15 consumer;

16         (d)    Defendants negligently misrepresent orally to members of the
17 general public issued defective Statutory Notices that they are obligated to pay
18 deficiency balances;

19         (e)    Defendants fraudulently misrepresent orally to members of the
20 general public issued defective Statutory Notices that they are obligated to pay
21 deficiency balances;

22         (f)    Defendants negligently misrepresent in writing to members of
23 the general public sent defective Statutory Notices that they are obligated to pay
24 deficiency balances;

25         (g)    Defendants fraudulently misrepresent in writing to members of
26 the general public sent defective Statutory Notices that they are obligated to pay
27 deficiency balances;

28         (h)    Defendants actively conceal their unlawful activity from

16

FIRST AMENDED COMPLAINT – CASE NO. CV-11-08360 DDP (Ex)

members of the general public sent defective Statutory Notices;

(i)     Defendants unlawfully, unfairly and/or fraudulently carry on their account records deficiency balances of members of the class issued defective Statutory Notices as amounts lawfully due and owing, and VW Credit collects and attempts to collect money from class members on these illegal deficiency balances;

(j)     Defendants unlawfully, unfairly and/or fraudulently report to credit reporting agencies the deficiency balances allegedly owed by members of the class issued defective Statutory Notices as amounts lawfully due and owing;

(k)     Defendants unlawfully, unfairly and/or fraudulently report to other third parties deficiency balances allegedly owed by members of the general public issued defective Statutory Notices as amounts lawfully due and owing;

(l)     Defendants unlawfully, unfairly and/or fraudulently collect deficiency balances from members of class sent defective Statutory Notices;

(m)     Defendants unlawfully, unfairly and/or fraudulently file lawsuits against members of the class issued defective Statutory Notices in order to collect deficiency balances;

(n)     Defendants unlawfully, unfairly and/or fraudulently misrepresent their compliance with the provisions of Civil Code § 2983.2 to courts throughout the State of California and conceals their violations of the law.

(o)     Defendants unlawfully, unfairly, and/or fraudulently sell or assign accounts on which no money is legally due to others including the Doe defendants for collection, and the Doe defendants purchase or accept such accounts and conduct collection efforts on them.

64.     The business acts and practices of defendants as hereinabove alleged constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate provisions of the Rees-Levering Automobile Sales Finance Act, and the Rosenthal Fair Debt Collection Practices Act (Civil Code § 1788. et seq), constitute systematic breaches of contracts and constitute

violations of the common law.

65.    The business acts and practices of defendants, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers.  Said acts and practices have no utility that outweighs their substantial harm to consumers.

66.    The business acts and practices of defendants, as hereinabove alleged, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

67.    The unlawful, unfair and fraudulent business acts and practices of defendants described herein, present a continuing threat to members of the general public in that defendants are currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

68.    Plaintiffs are informed and believes that VW Credit sold the accounts of some class members to others, including the Doe defendants.  The Doe defendants continue to violate the law by attempting to collect on these accounts.

69.    As a direct and proximate result of the acts and practices described herein, defendants have received and collected substantial monies from consumers that they are not entitled to.  Such funds properly belong to the consumers who were subjected to improper and invalid deficiency collections.  Further, defendants have, on information and belief, reported to credit reporting agencies that deficiencies for which borrowers have no liability are valid debts.

70.    Pursuant to Business and Professions Code § 17203, plaintiffs seek an order enjoining defendants from engaging in such acts and practices as hereinabove alleged, and ordering that defendants provide appropriate restitution and disgorgement of illicit profits, to all affected consumers.  Plaintiffs also specifically seek an injunction preventing defendants from collecting, or

attempting to collect, any deficiency balance where the Statutory Notice failed to comply with Civil Code § 2983.2(a) or was otherwise defective, or from obtaining any other deficiency judgment from any proposed class member in violation of the Rees-Levering Act.  In addition, pursuant to Code of Civil Procedure § 1021.5, plaintiffs seek recovery of their attorneys' fees, costs and expenses incurred in the filing and prosecution of this action.

71.     Plaintiffs and the class have lost money or property as a direct and proximate result of the unfair competition of defendants alleged herein, as set forth at paragraph 27.

WHEREFORE, plaintiffs pray for relief as set forth below.

### FIFTH CAUSE OF ACTION
**(Class and Individual Action For Declaratory Relief
Against All Defendants)**

72.     Plaintiffs reallege and incorporate herein by reference the allegations of each and every paragraph above.

73.     An actual controversy has arisen between plaintiffs and the members of the proposed class, on the one hand, and defendants, on the other hand, as to their respective rights, remedies and obligations.  Specifically, plaintiffs allege that the acts and practices of defendants as hereinabove alleged are unlawful, unfair, and fraudulent, and that plaintiffs and members of the class are therefore not liable for any deficiency balances following disposition of their repossessed motor vehicles, and are entitled to restitution for any and all amounts paid pursuant to demands by defendants for such deficiencies, and any other such amounts of restitution or damages as the court may order.

74.     Plaintiffs further contend that defendants have acted unlawfully, unfairly and fraudulently in falsely reporting deficiency balances to credit reporting agencies as amounts due and owing by class members, in taking actions to collect deficiency balances, and in failing to eliminate deficiency balances

1   purportedly owed by class members from their books.

2        75.    Plaintiffs further contend that defendants have been unjustly enriched

3   at the expense and to the detriment of class members by collecting monies to

4   which they are not entitled and have wrongfully collected. Defendants have

5   wrongfully failed or refused to refund or intend to seek the amounts wrongfully

6   collected and unlawfully seek to collect additional amounts to which they are not

7   entitled.

8        76.    Defendants dispute all of plaintiffs' contentions and contend to the

9   contrary.  Accordingly, plaintiffs' seek a declaration as to the respective rights,

10  remedies, and obligations of the parties.

11       WHEREFORE, plaintiffs pray for relief as set forth below.

12                       **<u>PRAYER FOR RELIEF</u>**

13       WHEREFORE, plaintiffs respectfully pray for relief as follows:

14       1.    For an order certifying this case as a class action;

15       2.    For an order finding and declaring that defendants' acts and practices

16  as challenged herein are unlawful, unfair and fraudulent;

17       3.    For an order preliminarily and permanently enjoining defendants

18  from engaging in the practices challenged herein;

19       4.    For an order of restitution and/or disgorgement in an amount to be

20  determined at trial;

21       5.    For an accounting;

22       6.    For compensatory damages according to proof;

23       7.    For statutory damages;

24       8.    For pre-judgment interest to the extent permitted by law;

25       9.    For an award of attorneys' fees, costs and expenses incurred in the

26  investigation, filing and prosecution of this action under any applicable provision

27  of law or contract; and

28       10.    For such other and further relief as the Court may deem just and proper.

FIRST AMENDED COMPLAINT – CASE NO. CV-11-08360 DDP (Ex)

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiffs and the class hereby demand a trial by jury under the United States

3     Constitution.

4

5     Dated: December 8, 2011            Respectfully submitted,

6                                        LAW OFFICES OF BRANDON A. BLOCK
7                                        A PROFESSIONAL CORPORATION

8
                                         By:_____
9
                                             Brandon A. Block
10

11                                       Attorneys for Plaintiffs
                                         VARSHA AND SHEETAL SHARMA
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

Dec 06 10 11:49a    Sheetal Sharma                    (323) 466-2863          p.7
Nov 18 10 03:02p    Sharma

THE ESTATE OF GAJA SHARMA

████████

VW Credit, Inc.
P.O. Box 7572
Libertyville IL 60048-7572
Phone 866-623-8350

NOVEMBER 12, 2010

## NOTICE OF OUR PLAN TO SELL THE PROPERTY

THE ESTATE OF GAJA SHARMA

████████

SUBJECT: Sale of the following property:

Account #:  ████████
Vehicle:    2005 AUDI A4
VIN:        WAUAC48H55K011369

We have your 2005 AUDI A4, because you broke promises in our agreement.

We will sell your 2005 AUDI A4 at private sale sometime after DECEMBER 2, 2010*. A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just past due payments), including our expenses. To learn the exact amount you must pay, call us at 866-623-8350.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 866-623-8350 or write us at P.O. Box 3704, Hillsboro, OR 97123 and request a written explanation. We will charge you $25 for the explanation if we sent you another written explanation of the amount you owe us within the last six months.

If you need more information about the sale, call us at 866-623-8350 or write us at P.O. Box 3704, Hillsboro OR 97123.

NOS CA R 4 (01/05)
Page 1 of 8

VW Credit, Inc. (d.b.a. Volkswagen Credit, Audi Financial Services, and Bentley Financial Services) servicer for VW Credit Leasing, Ltd.

**THE ESTATE OF GAJA SHARMA**

▬▬▬▬▬▬

**We are sending this notice to the following other people who have an interest in the vehicle or who owe money under your agreement.**

**You may have additional rights under California law, including the right to additional time to get the Vehicle back. You may also have the right to get the Vehicle back by paying less than the full amount you owe. Please read the following NOTICE OF INTENT TO DISPOSE OF MOTOR VEHICLE for a description of these additional rights.**

NCS CA R 4 (01/05)
Page 2 of 8

VW Credit, Inc. (d.b.a. Volkswagen Credit, Audi Financial Services, and Bentley Financial Services) servicer for VW Credit Leasing, Ltd.

Dec 06 10 11:50a    Sheetal Sharma                    (323) 466-2863          p.9
Nov 18 10 03:02p    Sharma
Nov. 18. 2010  3:30PM    VW CREDIT                              NO. 3330    P. 4

THE ESTATE OF GAJA SHARMA

## NOTICE OF INTENT TO DISPOSE OF MOTOR VEHICLE

This Notice provides additional information to you concerning your rights under California law to recover the Vehicle. . Please read it carefully.

We intend to dispose of (sell) the Vehicle after the expiration of 20 days from the date of this notice (the "Redemption and Reinstatement Periods") unless you obtain a 10-day extension (see the **RIGHT TO OBTAIN EXTENSION** later in this notice).

**RIGHT TO GET YOUR PROPERTY BACK:**  To get your Vehicle back, you can do one of two things:

**FIRST WAY:** Unless one of the boxes below is checked, you have the conditional right to reinstate your contract and pay future monthly payments as they become due.  This is called "reinstatement."

    [ ]    You do not have the conditional right to reinstatement because you or any other person liable on the contract has already exercised the right to reinstate the contract once in the past 12-month period or twice during the terms of the contract.

You do not have the conditional right to reinstatement because you or any other person liable on the contract or vehicle:

    [ ]    by omission or commission intentionally provided false or misleading information of material importance on his or her credit application.

    [ ]    in order to avoid repossession has concealed the motor vehicle or removed it from the state.

    [ ]    has committed or threatens to commit acts of destruction, or has failed to take care of the motor vehicle in a reasonable manner, so that the motor vehicle has become substantially impaired in value.

    [ ]    has committed, attempted to commit, or threatened to commit criminal acts of violence or bodily harm against an agent, employee, or officer of the seller or holder in connection with the seller's or holder's repossession of or attempt to repossess the motor vehicle.

    [ ]    has knowingly used the motor vehicle, or has knowingly permitted it to be used, in connection with the commission of a criminal offense, other than an infraction, as a consequence of which the motor vehicle has been seized by a federal, state, or local agency or authority pursuant to federal, state, or local law.

    [ ]    has been seized by a federal, state, or local public agency or authority pursuant to (A) Section 1324 of Title 8 of the United States Code or Part

VW Credit, Inc. (d.b.a. Volkswagen Credit, Audi Financial Services, and Bentley Financial Services) servicer for VW Credit Leasing, Ltd.

Dec 06 10 11:50a     Sheetal Sharma                    (323) 466-2863          p.10
Nov 18 10 03:03p     Sharma

THE ESTATE OF GAJA SHARMA

274 of Title 8 of the Code of Federal Regulations, (B) Section 881 of Title
21 of the United States Code or, Part 9 of Title 28 of the Code of Federal
Regulations, or (C) other federal, state, or local law including regulations,
and, pursuant to that other law, the seizing authority, as a precondition to
the return of the motor vehicle to the seller or holder, prohibits the return of
the motor vehicle.

If you do not have the right to reinstate the contract, you may still redeem the Vehicle
(see **SECOND WAY**, below).

To reinstate your contract, you must pay the **TOTAL AMOUNT TO REINSTATE** stated
below and comply with any **OTHER CONDITIONS** listed below, prior to DECEMBER 2,
2010 or, if you request an extension, DECEMBER 12, 2010.  You must also make any
**PAYMENTS TO THIRD PARTIES** (see the **ADDITIONAL INFORMATION** section
below) to recover the Vehicle upon reinstatement.

| | | | |
|---|---|---|---|
| A. | PAST DUE PAYMENTS as of the date of this notice | $ | 985.23 |
| B. | LATE CHARGES assessed as of the date of this notice | $ | 59.10 |
| C. | COLLECTION COSTS incurred as of the date of this notice | $ | 55.00 |
| D. | REPOSSESSION COSTS incurred as of the date of this notice | $ | 350.00 |
| E. | DAILY STORAGE COSTS incurred as of date of repossession | $ | 125.00 |
| F. | TRANSPORTATION COSTS | $ | 0.00 |
| G. | OTHER COSTS: Redemption Fee $25.00 | $ | 25.00 |

**TOTAL AMOUNT NOW DUE**                          $          1,599.33
(does not include amounts that become due after the date of this notice)

Other conditions:

[ X ] You must provide us with proof of vehicle insurance.  You may send proof of
insurance with your payment or fax proof of insurance to us at 1-503-615-7332.
[ X ] You must satisfy and remove all unpaid liens and encumbrances on the Vehicle:
     Pay to lien holder: [NAME AND ADDRESS]                $0.00
     Pay to lien holder: [NAME AND ADDRESS]                $0.00

Any other amounts not shown above, including monthly payments and late charges that
come due during the Redemption and Reinstatement Periods, will be billed separately
after reinstatement or added to the contract balance.  YOU DO NOT NEED TO PAY
ANY AMOUNTS NOT SHOWN ABOVE TO REINSTATE THE CONTRACT.

**SECOND WAY:**  You have the right to redeem your Vehicle at any time until the Vehicle
is actually sold.  Your Vehicle will not be sold until, at the earliest, DECEMBER 2, 2010

NOS CA R 4 (21/05)
Page 4 of 6

VW Credit, Inc. (d.b.a. Volkswagen Credit, Audi Financial Services, and Bentley Financial Services) a service for VW Credit Leasing, Ltd.

Dec 06 10 11:50a      Sheetal Sharma                      (323) 466-2863          p.11
Nov 18 10 03:05p      Sharma
Nov. 18. 2010  3:50PM      VW CREDIT                        NO. 5550    P. 6

THE ESTATE OF GAJA SHARMA

or, if you request an extension, DECEMBER 12, 2010.  To redeem your Vehicle you must pay the **TOTAL BALANCE DUE** as stated below.

| | | | |
|---|---|---|---|
| A. | UNPAID CONTRACT BALANCE | $ | 15,497.65 |
| B. | LATE CHARGES assessed as of the date of this notice | $ | 59.10 |
| C. | COLLECTION COSTS incurred as of the date of this notice | $ | 55.00 |
| D. | REPOSSESSION COSTS incurred as of the date of this notice | $ | 350.00 |
| E. | DAILY STORAGE COSTS incurred as of date of repossession | $ | 125.00 |
| F. | TRANSPORTATION COSTS | $ | 0.00 |
| G. | OTHER COSTS: Redemption Fee $25.00 | $ | 25.00 |

| | | | |
|---|---|---|---|
| **Subtotal (A through G)** | | $ | 16,111.75 |

**LESS**

| | | | |
|---|---|---|---|
| H. | FINANCE CHARGE REBATE | $ | 0.00 |
| I. | INSURANCE PREMIUM REBATE (Company and type of insurance) | | |
| | N/A | $ | 0.00 |
| | N/A | $ | 0.00 |
| | N/A | $ | 0.00 |

| | | | |
|---|---|---|---|
| **Subtotal (H. and I.)** | | $ | 0.00 |

| | | | |
|---|---|---|---|
| **TOTAL BALANCE DUE** | | $ | 16,111.75 |

(does not include amounts that become due after the date of this notice)

Even if you do not have the conditional right of reinstatement or your initial and (if applicable) extended Redemption and Reinstatement Periods have expired, you have the right to redeem the vehicle ANY TIME BEFORE IT IS SOLD as provided above.

**RIGHT TO OBTAIN EXTENSION:** Upon written request, we will extend the Redemption Period, or if you are entitled to reinstatement, both your Redemption and Reinstatement Periods, by 10 additional days without further notice.  To request this extension, use the **REQUEST FOR EXTENSION** form provided below.  Read the form carefully and follow the instructions exactly.  A **REQUEST FOR EXTENSION** must be received by us before the expiration of the initial Redemption and Reinstatement Periods.

## ADDITIONAL INFORMATION

**RETURN OF THE VEHICLE:** If you reinstate your contract or redeem your Vehicle, your Vehicle will be returned to you at:

NOS CA R 4 (01/04)
Page 5 of 8

VW Credit, Inc. (d.b.a. Volkswagen Credit, Audi Finance Services, and Bentley Financial Services) servicer for VW Credit Leasing, Ltd.

27

Dec 06 10 11:51a   Sheetal Sharma                    (323) 466-2863        p.12

THE ESTATE OF GAJA SHARMA

COLLATERAL RECOVERY SERVICES
12130 PHILADELPHIA AVE
WHITTIER, CA 90601
(562) 907-6710

**PAYMENTS TO THIRD PARTIES:**  The following fees must be paid at the time you pick up the Vehicle:

Daily Storage Fees to COLLATERAL RECOVERY SERVICES 12130 PHILADELPHIA AVE WHITTIER, CA 90601 from the date of this Notice to the date you pick up the Vehicle: $25.00 per day.

California law requires the payment of a fifteen dollar ($15) fee to the law enforcement agency in the city/county where the repossession occurred before a repossessed vehicle may be released.  PAYMENT OF THE FEE IS NOT A CONDITION OF REINSTATEMENT.  Contact LOL ANGELES POLICE DEPARTMENT (877) 275-5273 to make payment or for further instructions.  You may also call us at 866-523-8350 for more information.

**RIGHT TO AN ACCOUNTING:**  Upon written request, unless already provided within 45 days after disposition, we will furnish a written accounting regarding the disposition of the Vehicle as provided in California Civil Code section 2983.2(b).  Your request must be made within one year after the disposition of the Vehicle and must be personally served or sent first-class mail, postage prepaid, or certified mail, return receipt requested, to:  VW Credit, Inc., PO Box 3704, Hillsboro, OR 97123.

Upon disposition of the Vehicle, you will be liable for any deficiency balance plus interest at the interest rate set forth in your contract, or at the legal rate of interest pursuant to California Civil Code section 3289 if there is no contract rate of interest, from the date of the sale of the Vehicle to the date of entry of judgment.

**NOTICE: YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE PROPERTY IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE.**

**NOTICE TO DEBTORS IN BANKRUPTCY:**  If you have filed for bankruptcy, this notice is for **"Information Purposes Only"**, and not an attempt at debt collection.  Those discharged under bankruptcy will not be held liable for any deficiency balance after sale of the vehicle.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.
Payment can be made to:

NGS CA R 6 (01/05)
Page 6 of 8

VW Credit, Inc. (d.b.a. Volkswagen Credit, Audi Financial Services, and Bentley Financial Services) servicer for VW Credit Leasing, Ltd.

Dec 06 10 11:51a    Sheetal Sharma
Nov 18 10 03 04p    Sharma                          (323) 466-2863                    p.13

Nov. 18. 2010  3:31PM    VW CREDIT                      No. 7390   P. 6

THE ESTATE OF GAJA SHARMA

VW Credit. Inc.
Asset Resolution
PO Box 3704
Hillsboro, OR 97123
866-623-8350

**OVERNIGHT ADDRESS:**
VW Credit, Inc,
Asset Resolution
22823 NW Bennett St
Hillsboro, OR 97124

If you have any questions, write or telephone us promptly at the address or number above.

VW Credit, Inc.

NOS CA F 4 (01/05)
Page 7 of 8

VW Credit, Inc. (d.b.a. Volkswagen Credit, Audi Financial Services, and Bentley Financial Services) servicer for VW Credit Leasing, Ltd.

THE ESTATE OF GAJA SHARMA

## EXTENSION REQUEST

I, THE ESTATE OF GAJA SHARMA, request that VW Credit, Inc. extend the Reinstatement Period (if applicable) and Redemption Period available for me to reinstate or redeem the following property for 10 additional days.

Vehicle:        2005 AUDI A4
VIN:            WAUAC48H55K011369

_11/23/10_                    _Suchleta Sharma_
Date                          Signature

INSTRUCTIONS: This form must be personally served or sent by certified or registered mail, return receipt requested, to VW Credit, Inc., Asset Recovery, 22823 NW Bennett St., Hillsboro, OR 97124 and must be received on or before DECEMBER 2, 2010.

Please do not sell this vehicle. The attached Paperwork is in accordance with California State Law.

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _B Nenyei_   □ Agent / □ Addressee<br>B. Received by (*Printed Name*)   C. Date of Delivery<br>_Ben Nenyei_   _11/29/10_ |
| 1. Article Addressed to:<br><br>VW CREDIT<br>ASSET RECOVERY<br>22823 NW BENNETT ST<br>Hillsboro OR 97124 | D. Is delivery address different from item 1?  □ Yes<br>If YES, enter delivery address below:  □ No<br><br>3. Service Type<br>☑ Certified Mail  □ Express Mail<br>□ Registered  ☑ Return Receipt for Merchandise<br>□ Insured Mail  □ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  □ Yes |
| 2. Article Number<br>(*Transfer from service label*)   7010 0780 0001 2847 5129 | |
| PS Form 3811, February 2004     Domestic Return Receipt | 102595-02- |

NOS CA R 4 (01/05)
Page 8 of 8

VW Credit, Inc. (d.b.a. Volkswagen Credit, Audi Financial Services, and Bentley Financial Services) servicer for VW Credit Leasing, Ltd.

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )  Ss
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: Law Offices of Brandon A. Block, A Professional Corporation, 433 North Camden Drive, Suite 600, Beverly Hills, CA 90210.

On the date of execution of this Proof of Service, I caused the attached document to be served on the following person(s):

Lisa M. Simonetti, Esq.
Brian C. Frontino, Esq.
Jeffrey B. Bell, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East
Los Angeles, CA 90067-3086

I served the document by US Mail. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses set forth above and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on December 9, 2011 at Beverly Hills, California.

Brandon A. Block

PROOF OF SERVICE – CASE NO. CV-11-08360 DDP (Ex)