TRUEBLOOD LAW FIRM
Alexander B. Trueblood (Bar No. 150897)
10940 Wilshire Blvd., Suite 1600
Los Angeles, CA  90024
Telephone:  (310) 443-4139
Facsimile:  (310) 943-2255

Law Offices of BRANDON A. BLOCK, APC
Brandon A. Block (State Bar No. 215888)
433 North Camden Drive, Suite 600
Beverly Hills, California 90210
Telephone: (310) 887-1440
Facsimile: (310) 496-1420

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

VARSHA SHARMA, and SHEETAL SHARMA, individually, and on behalf of all others similarly situated,

        Plaintiff,

    vs.

VW CREDIT, INC., dba Audi Financial Services, and DOES 1 through 50, inclusive,

    Defendants.

Case No: CV 11-08360-DSP (Ex*)

**DECLARATION OF ALEXANDER TRUEBLOOD IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT DEMANDS AND INTERROGATORIES**

Date:  May 10, 2013
Time:  9:30 a.m.
Place:  Courtroom 20, Spring Street

Discovery Cutoff:  None
Class Cert. Cutoff:  June 30, 2013
Pre Trial Conf.:  None
Trial Date:  None

I, Alexander B. Trueblood, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and the Central District of California. I have personal knowledge of the facts stated in this declaration and would competently testify thereto if called as a witness. I represent plaintiffs Sheetal and Varsha Sharma in this action.

2. The Joint Stipulation in this action contains a true and correct reproduction of plaintiffs' first sets of document demands and special interrogatories, and defendant's responses and supplemental responses thereto. Plaintiff's discovery was served on May 2, 2012, and defendant's objections were served on July 11, 2012. Defendant provided supplemental responses on October 15, 2012.

3. The defendant did not produce documents, or made only a partial production of documents, as to the following document demands in the first set: 7, 10, 17, 20, 33. Plaintiff's contentions as to these document demands, as set forth in the Joint Statement, accurately summarize the status of the document production as to each of these demands. Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's First Set of Document Demands, containing the text of these demands.

4. Attached hereto as Exhibit 2 is a true and correct copy of an August 28, 2012 letter from defense counsel Lisa Simonetti, to me.

Executed this 12th day of April, 2013 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
/s/

Alexander B. Trueblood

1

**EXHIBIT 1**

TRUEBLOOD LAW FIRM
Alexander B. Trueblood (Bar No. 150897)
10940 Wilshire Blvd., Suite 1600
Los Angeles, CA 90024
Telephone: (310) 443-4139
Facsimile: (310) 943-2255

LAW OFFICES OF BRANDON A. BLOCK, APC
Brandon A. Block (State Bar No. 215888)
433 North Camden Drive, Suite 600
Beverly Hills, California 90210
Telephone: (310) 887-1440
Facsimile: (310) 496-1420

Attorneys for Plaintiffs
VARSHA AND SHEETAL SHARMA

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VARSHA SHARMA, and SHEETAL SHARMA, individually, and on behalf of all others similarly situated, | Case No. CV-11-08360 DDP (Ex) |
| Plaintiff, | **CLASS ACTION** |
| vs. | **PLAINTIFF VARSHA SHARMA'S FIRST SET OF DOCUMENT DEMANDS TO DEFENDANT VW CREDIT, INC.** |
| VW CREDIT, INC. dba Audi Financial Services, and DOES 1 through 50, inclusive, | |
| Defendants. | |

1   TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

2       Plaintiff Varsha Sharma hereby demands, pursuant to Federal Rule of Civil

3   Procedure 34, that defendant VW Credit, Inc. respond under oath to the following

4   interrogatories within the time permitted by law.

5                           DEFINITIONS

6       1.   The term "DOCUMENT" or "DOCUMENTS" means any and all

7   tangible things upon which any expression, communication or representation is

8   reflected or has been recorded by any means including, but not limited to,

9   handwriting, typewriting, printing, photostating, photographing, magnetic impulse,

10  or mechanical, phonic or electronic recording, computerized data whether on disk,

11  hard drive or otherwise, and any nonidentical copies (whether different from the

12  original because of notes made on such copies, because of indications that the

13  copies were sent to different individuals than were the originals, or any other

14  reason), including but not limited to abstracts, agreements, analyses, blueprints,

15  books, brochures, circulars, compilations, consultants' reports or studies, contracts,

16  databases, files, graphs, insurance policies, letters, lists, manuals, maps, notebooks,

17  opinions, pamphlets, papers, pictures, plans, projections, press releases or

18  clippings, publications, reports, working papers, preliminary, intermediate or final

19  drafts, correspondence, memoranda, charts, notes, minutes or records of any sort of

20  meeting, invoices, financial statements, financial calculations, diaries, reports of

21  telephone or other oral conversations, telephone message slips, desk calendars,

22  appointment books, computer tapes, computer disks, computer printouts, computer

23  cards, electronically stored data, and all other writings (as that term is defined in

24  Evidence Code § 250) and recordings of any kind.

25      2.   The term "RELEVANT PERIOD" means from April 14, 2010

26  through the present.

27      3.   The term "CONTRACT" or "CONTRACTS" means any conditional

28  sale contract or other contract within the definition set forth at Civil Code §

                                1

2981(a) to which YOU are or were a party, or of which YOU are or at any time were a holder or assignee, and which was entered into in California.

    4.    The term "REPOSSESSION" or "REPOSSESSIONS" means any repossession(s) or voluntary surrender(s) of any motor vehicle(s) (as defined in Civil Code § 2981(k)), which vehicle is or was collateral under a CONTRACT.

    5.    The term 'YOU" or "YOUR" means defendant VW Credit, Inc., and any present or former employees, officers, directors, or agents of same.

    6.    The term "CUSTOMER" or "CUSTOMERS" means any buyer(s), co-buyer(s), or person(s) liable to YOU, under a CONTRACT.

    7.    The term "NOTICE" or "NOTICES" refers to any notice(s) mailed or otherwise served upon or sent or delivered in any manner to any CUSTOMER at the time of or following any REPOSSESSION which was intended by YOU to, or which YOU contend did in fact, provide all or any part of any notice which is or was required by California Civil Code § 2983.2(a).

    8.    The term "YEAR" means the calendar year, or if the full calendar year is not applicable, any fractional portion of that year.

    9.    The term "PLAINTIFF" means Varsha Sharma, Sheetal Sharma, and/or the Estate of Gaja Sharma.

    10.    The term "CONCERNING" or "CONCERN" means referring to, alluding to, relating to, connected with, commenting upon, in respect of, about, regarding, discussing, reflecting, analyzing, evaluating, summarizing, touching upon, or constituting, sent to, served upon, mailed or delivered to.

    11.    The term "DISPOSITION" or "DISPOSITIONS" means any sale(s) or other disposition(s) of a CUSTOMER's vehicle after REPOSSESSION.

    12.    The term "DEFICIENCY" or "DEFICIENCIES" means any amount(s) which YOUR business records reflect was or is owed, or an outstanding or unpaid balance, including but not limited to principal, interest, late or delinquent

2

1 | charges, repossession or towing or storage charges or costs, attorneys fees or court
2 | costs on a CUSTOMER's account following DISPOSITION.

3 |     13.    The term "SENT" means mailed, served upon, delivered or
4 | transmitted in any manner.

5 |     14.    The term "FORM" means that portion of the text of a "DOCUMENT"
6 | intended to be used in connection with more than one CUSTOMER, and which is
7 | intended to be individualized for a CUSTOMER by adding to the DOCUMENT
8 | information specifically related to the CUSTOMER or CUSTOMER's account or
9 | CONTRACT, for example, the CUSTOMER's name, address and account-related
10 | information.

11 |     15.    The term "REPORT" or "REPORTS" means a DOCUMENT stored,
12 | prepared, compiled or generated in any manner by any of YOUR employees,
13 | officers, accountants, auditors, or any agent, vendor, consultant or independent
14 | contractor, to compile or summarize any information with respect to any subject
15 | concerning any aspect of YOUR business, including but not limited to daily,
16 | weekly, monthly or annual reports regarding the activities of a department or status
17 | of accounts with respect to which a department is conducting business activities.

18 |     16.    The term "CLASS MEMBERS" or "CLASS MEMBER" means any
19 | CUSTOMER who was issued a NOTICE during the RELEVANT PERIOD, and
20 | who did not subsequently reinstate or redeem his or her CONTRACT.

21 | DOCUMENT DEMANDS

22 | <u>DEMAND NO. 1.</u>:

23 |     All DOCUMENTS which constitute any agreements (including any
24 | schedules of fees or charges) between YOU and any auction houses located in
25 | California, which ever acquired possession of CLASS MEMBERS' vehicles.

26 | <u>DEMAND NO. 2.</u>:

27 |     All DOCUMENTS which constitute any agreements (including any
28 | schedules of fees or charges) between YOU and any repossession agencies in

3

1  California which ever acquired possession of CLASS MEMBERS' vehicles.

2  DEMAND NO. 3.:

3       All DOCUMENTS which constitute any agreements (including any

4  schedules of fees or charges) between YOU and any repossession forwarder

5  (including Renaissance Recovery), or non-California repossession company, which

6  YOU hired to or paid to arrange for repossessions in California.

7  REQUEST NO. 4.:

8       All DOCUMENTS which CONCERN PLAINTIFFS.

9  REQUEST NO. 5.:

10      All DOCUMENTS which CONCERN any assignment of PLAINTIFFS'

11 CONTRACT.

12 REQUEST NO. 6.:

13      All DOCUMENTS which CONCERN communications between YOU and

14 PLAINTIFFS, including but not limited to NOTICES, letters, and telephone or

15 contact logs stored on YOUR computer system.

16 REQUEST NO. 7.:

17      All DOCUMENTS which CONCERN communications between YOU and

18 any third party CONCERNING PLAINTIFFS, including but not limited to any

19 DOCUMENTS which YOU SENT or received to or from any repossession agency

20 or auction house.

21 REQUEST NO. 8.:

22      All DOCUMENTS which CONCERN the REPOSSESSION of

23 PLAINTIFFS' vehicle, including but not limited to any report of repossession to a

24 law enforcement agency, and any contracts, invoices, or records of payment

25 regarding the repossession agency.

26 REQUEST NO. 9.:

27      All DOCUMENTS which CONCERN the sale of PLAINTIFFS' vehicle,

28 including any records of charges levied by the auction house, condition reports and

other auction house records.

4

REQUEST NO. 10.:

All DOCUMENTS which reflect the nature and amount of any debits and credits on PLAINTIFFS' account from the date from three months prior to the repossession, through the present.

REQUEST NO. 11.:

All NOTICES YOU SENT to PLAINTIFF.

REQUEST NO. 12.:

All versions of all FORM NOTICES SENT to CUSTOMERS during the RELEVANT PERIOD.

REQUEST NO. 13.:

All versions of all FORM CONTRACTS that YOU or YOUR assignors entered into with CUSTOMERS, during the RELEVANT PERIOD.

REQUEST NO. 14.:

All DOCUMENTS in use during the RELEVANT PERIOD which CONCERN YOUR policies, instructions, rules, procedures or practices regarding YOUR use of NOTICES.

REQUEST NO. 15.:

All DOCUMENTS in use during the RELEVANT PERIOD which CONCERN YOUR policies, instructions, rules, procedures or practices regarding redemption or reinstatement after REPOSSESSION.

REQUEST NO. 16.:

All DOCUMENTS in use during the RELEVANT PERIOD which CONCERN YOUR practices, policies, or procedures regarding the collection of any DEFICIENCY.

REQUEST NO. 17.:

All DOCUMENTS in use during the RELEVANT PERIOD which CONCERN YOUR practices, policies, or procedures regarding the payment of, or showing proof of payment of, the fee required by Government Code § 26751.

FIRST SET OF DOCUMENT DEMANDS

REQUEST NO. 18.:

All DOCUMENTS in use during the RELEVANT PERIOD which CONCERN YOUR practices, policies, or procedures regarding what was/is required of CUSTOMERS who wish to reinstate or redeem their CONTRACTS after REPOSSESSION.

REQUEST NO. 19.:

All DOCUMENTS in use during the RELEVANT PERIOD which CONCERN YOUR practices, policies, or procedures regarding showing proof of income, proof of residency, or proof of insurance, or providing additional references, in connection with reinstatement.

REQUEST NO. 20.:

All DOCUMENTS which CONCERN the reasons for, and implementation of, the $15 "redemption fee" disclosed in the NOTICE issued to PLAINTIFFS.

REQUEST NO. 21.:

All DOCUMENTS which constitute the complete files of at least 50 CLASS MEMBERS who reinstated their CONTRACTS after REPOSSESSION, during the RELEVANT PERIOD (please provide a list of all account numbers of CLASS MEMBERS, and plaintiffs' counsel will randomly select 50 of those account numbers).

REQUEST NO. 22.:

All DOCUMENTS which CONCERN YOUR practices, policies, or procedures during the RELEVANT PERIOD CONCERNING YOUR reporting to any consumer credit reporting agencies about DEFICIENCY balances.

REQUEST NO. 23.:

All REPORTS which reflect the current aggregate amount of DEFICIENCIES on the accounts of those CUSTOMERS who were SENT a NOTICE during the RELEVANT PERIOD, but who did not reinstate or redeem.

6

REQUEST NO. 24.:

All REPORTS which reflect the current aggregate amount of dollar amounts collected on DEFICIENCIES on the accounts of those CUSTOMERS who were SENT a NOTICE during the RELEVANT PERIOD, but who did not reinstate or redeem.

REQUEST NO. 25.:

All REPORTS which reflect the aggregate dollar amounts of DEFICIENCY judgments taken against CUSTOMERS in lawsuits YOU filed during the RELEVANT PERIOD to collect DEFICIENCIES.

REQUEST NO. 26.:

All FORM DOCUMENTS SENT to CUSTOMERS during the RELEVANT PERIOD which informed them of how their DEFICIENCY was calculated.

REQUEST NO. 27.:

All FORM collection letters or notices SENT by YOU to CUSTOMERS during the RELEVANT PERIOD as to accounts on which a DEFICIENCY was allegedly owed.

REQUEST NO. 28.:

All FORM collection letters or notices SENT by your collection agencies and/or lawyers to CUSTOMERS during the RELEVANT PERIOD as to accounts on which a DEFICIENCY was allegedly owed.

REQUEST NO. 29.:

If YOU deny that YOU violated the Rees-Levering Act, all DOCUMENTS which support YOUR denial.

REQUEST NO. 30.:

If YOU have asserted affirmative defenses in this case, all DOCUMENTS which support such affirmative defenses.

REQUEST NO. 31.:

All DOCUMENTS which support YOUR contention, if any, that this case should not proceed as a class action.

7

REQUEST NO. 32.:

All DOCUMENTS which support YOUR contention, if any, that PLAINTIFFS are not proper class representatives.

REQUEST NO. 33.:

All DOCUMENTS which CONCERN any decision, change in policy or change in procedure made or implemented by YOU, during the RELEVANT PERIOD, CONCERNING FORM NOTICES, including but not limited to revisions, and beginning or ceasing the use of different FORM NOTICES.

REQUEST NO. 34.:

All DOCUMENTS which CONCERN any decision, change in policy or change in procedure implemented after the filing of this lawsuit regarding NOTICES or ceasing of collections as to any group of CUSTOMERS who were SENT NOTICES.

REQUEST NO. 35.:

YOUR organizational charts, including any charts showing the relationship between YOU and any parents or subsidiaries.

REQUEST NO. 36.:

All DOCUMENTS which memorialize any transactions during the RELEVANT PERIOD in which YOU sold  any CONTRACTS involving a DISPOSITION to any other person or entity.

REQUEST NO. 37.:

All DOCUMENTS which constitute contracts or agreements between YOU and the repossession agency(s) which repossessed PLAINTIFFS' vehicle.

REQUEST NO. 38.:

All DOCUMENTS which constitute contracts or agreements between YOU and the auction houses which sold PLAINTIFFS' vehicle.

8

REQUEST NO. 39.:

All DOCUMENTS which constitute contracts or agreements for the RELEVANT PERIOD between YOU and the repossession agency(s) which repossessed CLASS MEMBERS' vehicles.

REQUEST NO. 40.:

All DOCUMENTS which constitute contracts or agreements for the RELEVANT PERIOD between YOU and the auction houses which sold CLASS MEMBERS' vehicles.

REQUEST NO. 41.:

All DOCUMENTS which CONCERN any fees which could be charged by the repossession agency(s) which repossessed CLASS MEMBERS' vehicles, before the CUSTOMER was permitted to reacquire the vehicle in connection with reinstatement or redemption.

REQUEST NO. 42.:

All DOCUMENTS which CONCERN any fees which could be charged by the auction house which sold CLASS MEMBERS' vehicles, before the CUSTOMER was permitted to reacquire the vehicle in connection with reinstatement or redemption.

REQUEST NO. 43.:

All computer screens or computer-stored documents which CONCERN the calculation of the amounts disclosed on any NOTICE issued to PLAINTIFFS.

Dated: May 2, 2012                    TRUEBLOOD LAW FIRM


By: _____
        Alexander Trueblood

Attorneys for Plaintiffs
VARSHA AND SHEETAL SHARMA

9

1

## PROOF OF SERVICE

2

3        I am over the age of 18 years and not a party to this action.  My business
address is 10940 Wilshire Blvd, Ste. 1600, Los Angeles, California 90024.

4

5        On May 2, 2012 I served the foregoing documents described as:

6        **PLAINTIFF VARSHA SHARMA'S FIRST SET OF SPECIAL
INTERROGATORIES TO DEFENDANT VW CREDIT, INC.**

7        **PLAINTIFF VARSHA SHARMA'S FIRST SET OF DOCUMENT DEMANDS TO
DEFENDANT VW CREDIT, INC.**

8

9    by placing them in the US Mail, addressed to the interested parties in this action:

10       Brian Frontino, Esq.
Stroock & Stroock LLP

11       2029 Century Park East, 18th Floor
Los Angeles, CA 90067

12

13       Executed on May 2, 2012, at Los Angeles, California. I declare under

14   penalty of perjury under the laws of the State of California that the foregoing is
true and correct.

15

16

17                        Alexander Trueblood

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 2**

# STROOCK

**Via Email and U.S. Mail**

August 28, 2012

Lisa M. Simonetti
Direct Dial 310-556-5819
lsimonetti@stroock.com

Alexander B. Trueblood, Esq.
Trueblood Law Firm
10940 Wilshire Blvd., Suite 1600
Los Angeles, California 90024

Re:   Sharma v. VW Credit, Inc., dba Audi Financial Services ("VCI")
      Los Angeles County Superior Court Case No. BC467538

Dear Alex:

As set forth herein, the above-referenced action should be dismissed immediately. As a preliminary matter, Gaja Sharma financed the purchase of his vehicle from VW Credit Leasing, Ltd. upon expiration of his lease through a Note, Disclosure, and Security Agreement, <u>not</u> a conditional sale contract. The Rees-Levering Automobile Sales Finance Act, California Civil Code sections 2981 through 2984.6 (the "Rees-Levering Act"), therefore, does not apply and plaintiffs Varsha Sharma and Sheetal Sharma (together, "Plaintiffs") may not proceed thereunder. Cal. Civ. Code §§ 2981(a), 2982.5(a), (d).

Regardless, VCI's current form of Notice of Intent to Sell Property ("NOI") -- implemented on April 14, 2010 and challenged in Plaintiffs' First Amended Complaint (the "Complaint") -- complies with the Rees-Levering Act, as confirmed by the Court in <u>Okudan v. VW Credit, Inc.</u>, U.S.D.C. Southern District of California, Case No. 3:09-cv-02293-H ("<u>Okudan</u>"), as follows:

> The Court notes that the Settlement Class period ends on April 13, 2010, which is more than one year before Class Counsel moved for preliminary approval of the Settlement on May 26, 2011. The Court finds that Class Counsel's opinions in the Motion and supporting Declaration of Carol M. Brewer (Doc. Nos 41-1 & 41-2), that the form of NOI implemented by VCI on April 14, 2010 meets the requirements of California Civil Code section 2983.2(a)(2) as interpreted in <u>Juarez v. Arcadia Fin., Ltd.</u>, 152 Cal. App. 4th 889 (2007), are reasonable. The

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310.556.5800 FAX 310.556.5959 WWW.STROOCK.COM

Alexander B. Trueblood, Esq.
August 28, 2012
Page 2

Court therefore finds that the Settlement Class period ends appropriately on April 13, 2010.

<u>See</u> November 10, 2011 Order Granting Motion for Final Approval of Class Action Settlement; <u>see also</u> Plaintiff's Motion for Final Approval of Class Action Settlement, p. 2; Declaration of Carol M. Brewer in Support of Plaintiff's Motion for Final Approval of Class Action Settlement (the "Brewer Declaration"), ¶ 9.[1]  If this action is not immediately dismissed, VCI will file a motion to strike the Complaint based on the Order in <u>Okudan</u>.

VCI's form of NOI was the subject of extensive discovery in <u>Okudan</u>, and its modification was addressed during settlement negotiations.   Upon Class Counsel's detailed showing of its investigation and corresponding conclusions, as represented in Class Counsel's submissions regarding the settlement, the Court found plaintiff and Class Counsel had satisfied their fiduciary obligations to absent class members under Rule 23(e) and permitted them to abandon the claims of VCI's customers who received VCI's NOI after April 13, 2010.  <u>See</u> Fed. R. Civ. P. 23(3); <u>Grunin v. Int'l House of Pancakes</u>, 513 F.2d 114, 123 (8th Cir. 1975).  The Central District of California will be hard pressed to find fault with the Court's approval process in <u>Okudan</u> and find a failure to fulfill fiduciary obligations to individuals under plaintiff's, Class Counsel's and the court's care.

Notwithstanding the Court's Order approving VCI's form of NOI, many of the allegations challenging VCI's current form of NOI are simply wrong.  <u>First</u>, contrary to Plaintiffs' allegations, the NOI does not fail to disclose the total amount due to reinstate or redeem by omitting interim monthly payments from the NOI.  Page 4 of the NOI clearly and conspicuously states: "YOU DO NOT NEED TO PAY ANY AMOUNTS NOT SHOWN ABOVE TO REINSTATE THE CONTRACT."  This is entirely accurate.  Once a buyer pays the amount stated to reinstate, VCI considers the contract reinstated and requires no further payment (other than those owed to third parties upon retrieval of the vehicle, as also plainly disclosed in the NOI).  Similarly, if a buyer pays all amounts stated in the NOI to redeem, the customer may redeem the vehicle only subject to charges imposed by third parties, some of which continue to accrue after the date of the NOI, as disclosed therein.

---

[1]  Copies of the cited documents from <u>Okudan</u> are enclosed for your reference.

STROOCK & STROOCK & LAVAN LLP • LOS ANGELES • NEW YORK • MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310.556.5800 FAX 310.556.5959 WWW.STROOCK.COM

Alexander B. Trueblood, Esq.
August 28, 2012
Page 3

Second, with respect to the government repossession fee, the NOI correctly states that "PAYMENT OF THE FEE IS NOT A CONDITION OF REINSTATEMENT." Indeed, payment of this fee is not a condition of reinstatement of the buyer's contract with VCI. It is a separately required fee owed to a government agency incident to repossession. The NOI informs the buyer of his or her obligation to pay the fee and provides contact information for the law enforcement agency to which payment must be made, which is all that is required.

Third, Plaintiffs wrongly allege that the NOI failed to disclose the location at which the vehicle would be returned upon redemption or reinstatement. Pages 5 and 6 of the NOI sent to Plaintiffs clearly indicate that VCI would return the vehicle at Collateral Recovery Services at the stated address (with a phone number), had a successful reinstatement or redemption occurred. Your assertion during the Rule 26(f) conference that some people are required to retrieve their vehicle from an automobile auction is contrived. So long as a customer successfully reinstates or redeems, VCI will deliver the vehicle to the customer at the disclosed location.

Fourth, Plaintiffs' allegation that VCI improperly requires buyers to show proof of insurance as a condition to reinstatement is without merit. Plaintiffs challenge this requirement under Civil Code section 2983.3(d), which governs "the method by which a contract shall be reinstated with respect to curing events of default which were a ground for repossession or occurred subsequent to repossession." Section 2983.3(d)(3) then sets forth the rights of the seller or holder if the buyer fails to maintain insurance on a vehicle as an event of default. See also Cal. Fin. Code § 22329(e). Nowhere, however, does the cited section prohibit VCI from verifying continuing insurance on the vehicle as a condition of reinstatement. So long as such conditions are properly disclosed, which they are, there is no violation.

Fifth, the NOI did not improperly require Plaintiffs to satisfy and remove unpaid liens on the vehicle. The NOI very simply states that there are no outstanding liens and no amounts owed.

Sixth, the $25 redemption fee Plaintiffs attempt to challenge is a valid, third-party fee. There is no prohibition under the Rees-Levering Act on charging this fee, which is an actual cost imposed by a third party and passed through to the customer as disclosed in the NOI.

LA 51462311

Alexander B. Trueblood, Esq.
August 28, 2012
Page 4

Aside from the factual infirmities of Plaintiffs' allegations, Plaintiffs' are not the contracting party with VCI.  Instead, Plaintiffs claim to be the successors in interest to the estate of their deceased father, Gaja Sharma, the contracting party with VCI.  Even assuming Plaintiffs could prove that they validly took their fathers' place under the contract with VCI, which we doubt, the complexity of their claims in this context renders Plaintiffs atypical of the proposed class and also inadequate class representatives.

Critically, "[t]he presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representative."  Graham v. Overland Solutions, Inc., No. 10-CV-672 BEN (BLM), 2011 WL 1769610, at ★2 (S.D. Cal. May 9, 2011); Hanon v. Dataproducts Corp., 976 F.2d 497, 508-509 (9th Cir. 1992) (certification should be denied "if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it."); Gartin v. S & M NuTec LLC, 245 F.R.D. 429, 434 (C.D. Cal. 2007); see also Randall v. Rolls-Royce Corp., 637 F.3d 818, 824 (7th Cir. 2011) ("Named plaintiffs who are subject to a defense that would not defeat unnamed class members are not adequate class representatives . . . ."); CE Design Ltd. v. King Architectural Metals Inc., 637 F.3d 721, 723-25 (7th Cir. 2011) (vacating class certification order and remanding to consider plaintiff's adequacy in light of unique defenses).

Here, Plaintiffs allege that VCI improperly denied them their right to reinstate the contract and accelerated the loan balance before repossessing the vehicle, in violation of Civil Code sections 2983.3(b) and 2983.3(a), respectively.  As the Complaint admits, however, these allegations arise only in connection with VCI's handling of the subject contract with Plaintiffs' father, not Plaintiffs, to which the Rees–Levering Act does not even apply.  This raises substantial unique, yet central, issues and possible defenses, including but not limited to whether Plaintiffs have standing to assert their claims.  These are highly individualized circumstances that are atypical of the putative class as defined.  This also renders Plaintiffs inadequate as class representatives, as they will be focused on litigating their own unique circumstances rather than the claims of the purported class.

Finally, aside from all of the foregoing, VCI objects to the involvement of the Law Offices of Brandon A. Block, APC, in this action.  Mr. Block is a former Stroock associate and represented VCI in no less than four lawsuits, and also provided general legal consultation to VCI.  It is axiomatic that an attorney may not represent a party adverse to a former client.  See Cal. R. Prof'l Conduct 3-310(E) ("A member shall not,

LA 51462311

Alexander B. Trueblood, Esq.
August 28, 2012
Page 5

without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment."). Particularly egregious is the fact that Mr. Block defended VCI in matters involving the Vehicle Leasing Act, California Civil Code sections 2985.7 through 2993 (the "VLA"), which is based in part on the Rees-Levering Act (see LaChapelle v. Toyota Motor Credit Corp., 102 Cal. App. 4th 977, 989 (2002)) and imposes similar requirements on vehicle leases, including with respect to repossession, as the Rees-Levering Act does for conditional sale contracts. In the actions entitled Morrissey v. Coastal Auto Mart, Inc. and Volkswagen Credit, Humboldt County Superior Court, Case No. DR010045, and Mendoza v. Volkswagen of America, Inc., et al., Los Angeles County Superior Court, Case No. BC284120, both of which asserted causes of action for violation of the VLA, Mr. Block was involved in drafting VCI's Answer to plaintiff's complaint (Morrissey) and pleading challenges (Mendoza). In connection therewith, Mr. Block necessarily was privy to attorney-client privileged communications regarding VCI's defenses to plaintiffs' VLA claims and legal strategy, among other things.

Where, as here, "the subject of the prior representation put the attorneys in a position in which confidences material to the current representation would normally have been imparted to counsel," counsel is presumed to have received confidential information, and must withdraw or be disqualified. San Francisco v. Cobra Solutions, Inc., 38 Cal. 4th 839, 847 (2006). It is not necessary for a defendant to "prove that the attorney possesses actual confidential information" where the representation involved a "direct relationship" between counsel and the former client. Jessen v. Hartford Cas. Ins. Co., 111 Cal. App. 4th 698, 709 (2003); Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft, 69 Cal. App. 4th 223, 236-37 (1999) (defining confidential information broadly as including the "identity of all the key decision makers," the "litigation philosophy" and the "organizational structure of the past client"). It is VCI's view that Mr. Block has received confidential, attorney-client information in connection with his prior representation of VCI while employed by Stroock, and VCI objects to his representation of Plaintiffs here. Accordingly, Mr. Block should withdraw from the representation of Plaintiffs immediately or VCI will have no choice but to seek an order of the Court disqualifying him from further representation in this matter.

In light of the foregoing, VCI demands that Plaintiffs immediately dismiss this meritless action.

LA 51462311

Alexander B. Trueblood, Esq.
August 28, 2012
Page 6


Sincerely,


Lisa M. Simonetti

Enclosures

cc:     Brandon A. Block, Esq. (w/encls.)
        Brian C. Frontino, Esq. (w/o encls.)
        Jeffrey B. Bell, Esq. (w/o encls.)

STROOCK & STROOCK & LAVAN LLP • LOS ANGELES • NEW YORK • MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310.556.5800 FAX 310.556.5959 WWW.STROOCK.COM