STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI (State Bar No. 165996)
BRIAN C. FRONTINO (State Bar No. 222032)
RAYMOND A. GARCIA (State Bar No. 279884)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: lacalendar@stroock.com

Attorneys for Defendant
  VW CREDIT, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| VARSHA SHARMA, and SHEETAL SHARMA, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VW CREDIT, INC., dba Audi Financial Services, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. CV 11-08360-DDP (EX) <br><br> **SUPPLEMENTAL MEMORANDUM OF LAW OF DEFENDANT VW CREDIT, INC. IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFFS' FIRST SETS OF DOCUMENT DEMANDS AND INTERROGATORIES** |

## I. INTRODUCTION

The First Set of Document Demands (the "Document Demands") and First Set of Interrogatories (the "Interrogatories") (together the "Discovery Requests") propounded by plaintiffs Varsha Sharma and Sheetal Sharma (together, "Plaintiffs") are grossly overbroad and seek information and documents well beyond the scope of Plaintiffs' claims in this action. Critically, Plaintiffs' father, Gaja Sharma, entered into a purchase money loan on May 5, 2008 with defendant VW Credit, Inc. ("VCI"), memorialized in a Note, Disclosure and Security Agreement (the "Note"), to purchase his 2005 Audi A4 (the "Vehicle") from VW Credit Leasing, Ltd. ("VW Leasing"), a passive trust entity, upon expiration of his prior lease of the Vehicle. Repossessions under such contracts are governed by California's Finance Lenders Law, Financial Code section 22000 et seq. (the "FLL"). Mr. Sharma did not enter into a statutory conditional sale contract, as defined and governed by the Rees-Levering Automobile Sales Finance Act, California Civil Code sections 2981-2984.6 (the "Rees-Levering Act").

Notwithstanding this material factual and legal distinction, Plaintiffs' Motion seeks to compel information and documents pertaining to customers who entered into statutory conditional sale contracts with automobile dealerships that later were assigned by those dealerships to VCI (in which VW Leasing had no involvement). Any potential claims relating to such entirely dissimilar transactions are plainly beyond the scope of Plaintiffs' potential claims here and, therefore, beyond the scope of permissible discovery.[1] For these reasons, as more fully explained below and in the Joint Stipulation, Plaintiffs' Motion should be denied.

---

[1] VCI also objects to the discovery on the grounds that Plaintiffs were not the contracting party. Rather, they allege they are the successors to their father, Mr. Sharma, the contracting party. That said, they have not demonstrated how they, rather than Mr. Sharma's spouse, are the proper parties here.

- 1 -

## II.  DISCOVERY REQUESTS

Document Demands 21, 23, 24 and 25 and Interrogatories 3-8 and 17 particularly overreach by seeking documents and information related to conditional sale contracts.  By these Document Demands, Plaintiffs' seek the "complete files of at least 50 CLASS MEMBERS who reinstated their CONTRACTS after REPOSSESSION, during the RELEVANT PERIOD," documents reflecting the "current aggregate amount of DEFICIENCIES" and the "current aggregate amount of dollar amounts collected on DEFICIENCIES" for all accounts subject to repossession, i.e., including those under retail installment contracts.  By the Interrogatories, Plaintiffs again seek the aggregate amount of deficiencies and deficiency payments on CONTRACTS, as well as the total number of customers to whom VCI issued its form Notices of Plan to Sell Property ("NOI") and total number of "CLASS MEMBERS."

Plaintiffs define "CLASS MEMBERS" as any customer who VCI issued any form of NOI during the relevant time period (April 14, 2010 to the present), and who did not subsequently reinstate or redeem his or her CONTRACT.  Plaintiffs then improperly define "CONTRACT" as "any conditional sale contract or other contract within the definition set forth at Civil Code § 2981(a) to which [VCI is or was] a party, or of which [VCI was] . . . a holder or assignee, and which was entered into in California."  Given that their father's Note under which Plaintiffs proceed is not a conditional sale contract, or any other contract defined under Civil Code section 2981(a), these Discovery Requests are grossly overbroad.

## III.  ARGUMENT

### A.  Plaintiffs' Discovery Requests Improperly Seek Information Pertaining To Legally and Factually Dissimilar Customers Of VCI.

Class-focused discovery must be limited to issues relevant to the elements of class certification, i.e., the existence of an ascertainable class, the predominance of common questions of law or fact, the typicality of the class representative's claims,

- 2 -

and the ability of the class representative to fairly and adequately protect the interests of the class. "The typicality requirement is said to limit the class claims to those fairly encompassed by the named plaintiff's claims." <u>Gen. Tel. Co. of the Northwest, Inc. v. EEOC</u>, 446 U.S. 318, 330, 100 S. Ct. 1698 (1980).

In this case, Gaja Sharma purchased the Vehicle from VW Leasing, a passive investment trust that owned the Vehicle, upon expiration of his prior lease of the Vehicle. He obtained a purchase-money loan from VCI to complete this purchase, memorialized in the Note. <u>See</u> Declaration of Brian C. Frontino ("Frontino Decl."), Ex. A. Critically, the Note is <u>not</u> a statutorily-defined conditional sale contract governed by the Rees-Levering Act. <u>See id.</u>, Ex. B. Instead, the Note, representing a different legal transaction, is governed by the FLL. <u>See</u> Cal. Fin. Code §§ 22328-22329. Notwithstanding these material factual and legal distinctions, the Discovery Requests identified above seek broad categories of information regarding conditional sale contracts. VCI's repossession efforts relating to conditional sale contracts, subject to the Rees-Levering Act, however, are <u>not</u> typical of Plaintiffs' claims, relating to the Note governed by the FLL. Accordingly, the Discovery Requests are beyond the permissible scope of discovery in this action.

Indeed, the Note underlying Plaintiffs' claims is expressly excepted from the Rees-Levering Act's application as set forth in Civil Code Section 2985.5(a), which provides as follows:

> <u>This chapter may not be deemed to affect a loan</u>, or the security therefor, <u>between a purchaser of a motor vehicle and a supervised financial organization, other than the seller of the motor vehicle</u>, all or a portion of which loan is used in connection with the purchase of a motor vehicle.

(Emphasis added.)

VCI is a licensed lender under the FLL and made a purchase money loan to Mr. Sharma to purchase the Vehicle upon expiration of his lease. Even a cursory review of the Note and VCI's form conditional sale contracts reveals the obvious differences between these finance mechanisms. <u>Compare</u> Exhibit A <u>with</u> Exhibit B.

- 3 -

SUPPLEMENTAL MEMORANDUM OF VW CREDIT, INC.
IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

LA 51642474

These vastly differing contracts are governed by separate statutory schemes and, therefore, are not "encompassed" by Plaintiffs' claims as they argue. Accordingly, Plaintiffs cannot purport to represent, nor seek discovery on behalf of, a putative class of individuals that purchased vehicles pursuant to conditional sale contracts governed by the Rees-Levering Act. Plaintiffs' Motion should therefore be denied and discovery limited to those individuals who purchased vehicles pursuant to the form Note, Disclosure and Security Agreement that Mr. Sharma entered into. (Frontino Decl., Ex. A).

**B.     Plaintiffs' Reliance On <u>Hernandez v. Atlantic Finance</u>, Which Actually Supports VCI's Position Here, Is Misplaced.**

As discussed above, the Note underlying Plaintiffs' claims is not a conditional sale contract governed by the Rees-Levering Act. Instead, the Note memorializes a loan "between a purchaser of a motor vehicle and a supervised financial organization, other than the seller of the motor vehicle," which is expressly exempt from the Rees-Levering Act. Cal. Civ. Code § 2982.5(a). Plaintiffs nevertheless cite <u>Hernandez</u> to argue that the Note represents seller-assisted financing also governed by the Rees-Levering Act. Their goal, of course, is to improperly expand the putative class and broaden the scope of discovery. In so doing, however, Plaintiffs ask this Court to misread <u>Hernandez</u> and disregard the applicable law and distinguishing facts between the Note governed by the FLL and conditional sale contracts governed by the Rees-Levering Act. Unfortunately for Plaintiffs, <u>Hernandez</u> actually supports VCI's position here.

In <u>Hernandez</u>, the owner of a used-car dealer would contact defendant Atlantic Finance ("Atlantic") to determine whether Atlantic would extend credit to the dealer's prospective automobile customers. <u>Hernandez</u>, 105 Cal. App. at 74. Atlantic would either agree to purchase a conditional sale contract from the auto dealer <u>or extend a personal loan directly to the purchaser</u>. <u>Id.</u> Accordingly, <u>Hernandez</u> involved "seller-assisted" loans as defined under the Rees-Levering Act,

- 4 -

"whereby the seller assists the buyer in obtaining financing for the purchase of one of the seller's automobiles." <u>Id.</u> at 79.  In contrast, VW Leasing did not assist Plaintiffs' father with obtaining financing from VCI.  VW Leasing is a passive investment trust with no employees and is not in the business of selling vehicles as an automobile dealership is.  Thus, although it is the owner/seller of the leased vehicle, and is related to VCI by corporate affiliation, it does not "assist" or in any other way participate in direct loans VCI makes to its <u>existing</u> customers (whose leases it services, like Mr. Sharma's) to purchase vehicles out of lease.

Indeed, consistent with this arrangement, the court in <u>Hernandez</u> expressly stated:

> To conclude that the exemption in subdivision (a) is designed to exclude from the coverage of the act only independent private negotiations between a buyer and his lender, without involvement of the seller, <u>is consistent with the legislative purpose and policy behind the [Rees-Levering] act</u>, and leaves the act free to achieve the ends and eliminate the evils to which it was originally addressed.

<u>Id.</u> at 77.  That precisely is what occurred here.  Mr. Sharma, maintaining an existing relationship with VCI, obtained a direct purchase-money loan from VCI to purchase his leased Vehicle from an investment trust (not VCI, or an automobile dealership as in <u>Hernandez</u>).  VW Leasing did not participate in the transaction as an automobile dealership might (and did in <u>Hernandez</u>).  Accordingly, <u>Hernandez</u> only supports VCI's position here and does not support Plaintiffs in their effort to improperly expand the putative class or class-related discovery.

- 5 -

SUPPLEMENTAL MEMORANDUM OF VW CREDIT, INC.
IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

LA 51642474

## IV.  CONCLUSION

As set forth above and in VCI's portions of the Joint Stipulation, the Court should deny the Motion in its entirety and properly limit discovery in this action.

Dated:  May 21, 2013

STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI
BRIAN C. FRONTINO
RAYMOND A. GARCIA


By:   */s/ Brian C. Frontino*
            Brian C. Frontino

Attorneys for Defendant
VW CREDIT, INC.

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that, on May 21, 2013, a copy of the foregoing **SUPPLEMENTAL MEMORANDUM OF LAW OF DEFENDANT VW CREDIT, INC. IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFFS' FIRST SETS OF DOCUMENT DEMANDS AND INTERROGATORIES** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

*/s/ Brian C. Frontino*
Brian D. Frontino